COOK v. SMITH ET AL.

1. **New Trial:** JURISDICTION OF COURT: APPEAL. The right to apply for a new trial under the provisions of section 3155, Code, and the power of the court to entertain jurisdiction of the application, during the time limited in the statute, are absolute and unconditional; and a subsequent appeal from the judgment on the first trial will not oust the court of such jurisdiction.

*Appeal from Pottawattamie Circuit Court.*

SATURDAY, JUNE 10.

THIS proceeding was commenced by the defendants by filing a petition under Code section 3155, for a new trial on the ground of newly discoverd evidence. A new trial was granted and plaintiff appeals.

*John H. Keatley* and *Scott & Hight,* for appellant.

*Sapp & Lyman,* for appellee.

SEEVERS, CH., J.—I.   What we shall designate as the original cause was tried in the Circuit Court, in March, 1879, and judgment rendered for the plaintiff. The petition for a new trial of such original cause was filed in the Circuit Court during the same month.   In August thereafter an appeal was taken by the defendants from the judgment to the Supreme Court.   Such appeal was heard and the judgment of the Circuit Court affirmed. *Cook v. Smith et al.,* 54 Iowa, 636.   After the final disposition of the appeal in the Supreme Court this proceeding for a new trial was brought on for hearing in the Circuit Court.   But while the appeal was pending the plaintiff by way of answer to the petition for a new trial pleaded the pendency of the appeal in bar of this proceeding.   To this a demurrer was sustained. In so ruling it is insisted by appellant the court erred, and that the appeal to the Supreme Court ousted the Circuit Court of

jurisdiction and the power to grant a new trial.  The statute provides, "Where the grounds for a new trial cannot with reasonable diligence be discovered before, and are discovered after the term at which the trial was had, an application therefor may be made by petition filed not later than the second term after the discovery, but no petition shall be filed more than one year after final judgment is rendered.  Code, § 3155.  When the petition for a new trial was filed, the Circuit Court without doubt had jurisdiction and the power to grant a new trial upon the ground material evidence had been discovered since the trial.  Did the subsequent appeal oust the Circuit Court of such jurisdiction?  There is no statute which so provides.  The right to apply for, and the power of the court to entertain, jurisdiction of the application during the time limited in the statute are absolute and unconditional. There is no such inconsistency between the two proceedings as to require the one to be abated because the other is pending. It may be both should not be actively prosecuted at the same time for the determination of one, may render a decision in the other unnecessary.  Upon application this would no doubt be controlled by the courts.  Suppose the ground upon which a new trial was asked was not discovered until after the appeal was taken, on the last day allowed therefor, would such appeal deprive the court of the power to entertain jurisdiction of a petition for a new trial?  Clearly not, we think, for during the time limited in the statute, the power of the court and right of the party are unconditional.  There are cases where neither party is satisfied with the judgment below.  Would an appeal by one party oust the court of the power to entertain and grant a new trial on the application of the other party? We think not.

II.  It is said a new trial should not be granted when the newly discovered evidence is cumulative merely.  For the purpose of the case this may be conceded.  For the evidence upon which the new trial was granted is not cumulative.  No witness on the former trial testified to the declarations of the

plaintiff as to the terms of the contract on which he relied. It is said, *Crafts v. Union Mutual Fire Ins. Co.*, 36 N. H., 44, holds, that where the newly discovered evidence consists of admissions made by the opposite party a new trial should not be granted. We do not so understand the case. But that the holding is where such evidence tends merely to impeach a witness, a new trial will not be granted.

AFFIRMED.