## FULLER *v.* UNITED STATES.

### ORIGINAL APPLICATION FOR MANDAMUS.

No. 7. Argued and submitted April 15, 1901.—Decided May 27, 1901.

The court below, of original jurisdiction in this case, had authority, upon newly discovered evidence, to grant to the railway company a new trial, after the final decision of this case at law in that court.

It was competent for Congress to confer upon such court, established under the authority of the United States, the power to grant a new trial in an action at law upon grounds discovered after the expiration of the term at which the verdict or decision was rendered.

The statute does not declare that the right to apply for a new trial upon newly discovered evidence after the term shall be any the less when the original term is superseded; nor that a new trial of an action at law shall not be applied for or granted, while the case is pending in the appellate court.

The statute of Arkansas in question is applicable only to actions and proceedings at law in the courts of that Territory, as distinguished from suits or proceedings in equity; and as application under that statute, within the time prescribed, for a new trial in an action at law, upon grounds discovered after the term at which the verdict or decision was rendered, was a matter of right, which did not require leave of any court.

THIS was a motion for leave to file a petition of mandamus, and a petition therefor.

*Mr. Richard B. Shepard, Mr. Harrison O. Shepard* and *Mr. William T. Hutchings*, for petitioner, submitted on their brief.

*Mr. James Hagerman* for respondent. *Mr. Clifford L. Jackson* and *Mr. Joseph M. Bryson* were on his brief.

MR. JUSTICE HARLAN delivered the opinion of the court.

Orange Fuller, assignee of Butler Brothers, brought an action on the 23d day of January, 1892, in the United States Court in the Indian Territory against the Missouri, Kansas and Texas Railway Company to recover the damages alleged to have been sustained in consequence of the negligence of the defendant resulting in the destruction of certain property of Butler Brothers by fire.

On the 1st day of May, 1894, the venue of the case was changed to the second judicial division of the Territory, now the Central District, and the result of a trial before the court and a jury was a verdict and judgment in favor of the plaintiff for $8500.

The judgment was superseded, and the cause was taken to the United States Circuit Court of Appeals for the Eighth Circuit, where the record was filed April 3, 1895. In that court the judgment was affirmed on the 30th day of December, 1895. 72 Fed. Rep. 467.

The judgment of affirmance was superseded, and the case was brought to this court upon writ of error sued out by the railway company, the transcript of record being filed here on March 10, 1896. In this court the judgment of the Circuit Court of Appeals was affirmed January 3, 1898. 168 U. S. 707. Our mandate was issued March 3, 1898, and filed in the United States Court in the Indian Territory on July 22, 1898.

On the 20th day of April, 1896, while the case was pending in this court, the railway company filed in the United States Court in the Indian Territory a petition for rehearing upon the ground of newly discovered evidence. Subsequently, at different dates, amended petitions were filed by the company for a new trial. To those amended petitions answers were made, and it was objected that the court was without jurisdiction or authority to grant a new trial, and that it could not consider the alleged newly-discovered evidence.

On the 15th of January, 1900, after the filing in the court of original jurisdiction of the mandate of this court, Judge Clayton of that court granted the application of the railway company and made an order for a new trial.

It should be here stated that in that court there were other cases of a like character with the present case—all growing out of the fire on account of which the present action was brought. One of those cases was *Missouri, Kansas & Texas Railway Company* v. *Wilder*. In that case the United States Court of Appeals for the Indian Territory adjudged that the plaintiff was not entitled to recover. 53 S. W. Rep. 490.

In the order granting a new trial in the present case it was stated: " Now at this day comes the above named defendant, and in support of the fourth amended petition for a new trial in this case files certified copy of opinion of the United States Court of Appeals for the Indian Territory, in the case of *Missouri, Kansas & Texas Railway Company, Appellant,* v. *William L. Wilder, Appellee,* and the court having fully considered the said amended petition for a new trial in this case, which was heretofore continued by agreement between counsel to this the December, 1899, term of this court, together with the evidence thereon, and the briefs of counsel filed both in support and in opposition to said amended petition for new trial, and the court having been fully advised in the premises finds that the original petition for new trial was filed on the twentieth day of April, 1896, in accordance with section 5155 of Mansfield's Digest of the Statutes of Arkansas, extended over the Indian Territory by act of Congress, May 2, 1890, and that summons was duly issued and served upon the plaintiff as required by said statute, and that the said plaintiff has duly entered his appearance in these proceedings, and filed answer to the original petition for new trial, as well as to the different amendments thereto, as such amendments have been based upon such additional evidence as the defendant alleges was discovered subsequent to the filing of the original petition for new trial and amended petitions for new trial respectively, and the court further finds that the evidence fully sustains the said petition for new trial and that under the statute hereinbefore referred to,

and in view of the opinion of the United States Court of Appeals for the Indian Territory in the case of the *Missouri, Kansas & Texas Railway Company, Appellant,* v. *William L. Wilder, Appellee,* a companion case to this, that said petition should be sustained. Wherefore the court orders that the said petition be sustained and a new trial be granted."

After setting out the above, the return made by Judge Clayton to the rule herein continued: "Respondent would respectfully further show that it appeared upon the hearing of the petition for new trial in the *Orange Fuller* case that the defendant railway company had used all possible diligence to discover the actual origin of the fire upon which that suit was founded prior to the time of the trial of that case, and that it was to a large extent prevented from so doing by the strong influence which plaintiffs in said case exerted over the minds of the people in the community where the fire occurred, and also by the action of one of the plaintiffs who it was shown urged several of the witnesses to conceal what information they had with reference to the origin of the fire, and that after the trial of the *Orange Fuller* case in the District Court the said railway company continued its efforts to discover the real origin of the fire, and as a result of its efforts it produced reliable new witnesses who proved by newly discovered and strong circumstantial evidence that the fire was set out through accident by one Dole Baugh, and also proved by the admission of the said Dole Baugh, made while the fire was burning, that he had so set it out, and it was this evidence which largely induced the United States Court of Appeals for the Indian Territory to render their opinion of reversal heretofore cited in the said *Wilder* case as well as induced the plaintiffs in the companion cases to dismiss their cases, and that not only the judges of the District Court and the United States Court of Appeals for the Indian Territory, but the plaintiffs in the above suits, became satisfied that these suits were all matters of great injustice and wrong, and satisfied this respondent that the original judgment in the *Orange Fuller* case was also a great injustice and wrongfully obtained and had the actual truth been fully known and not purposely concealed that the judgment in the *Orange Fuller*

case would not have been affirmed by the United States Circuit Court of Appeals for the Eighth Circuit or this honorable court, and your respondent further realized that a greater injustice and wrong would be done by permitting the plaintiffs in this said *Orange Fuller* case to recover when the truth had been suppressed, and when all other plaintiffs were prevented from recovering because of the fact that the whole truth had come to light."

The present proceeding is an application for leave to file a petition for a mandamus commanding the judge of the United States Court in the Indian Territory to set aside the above order of January 15, 1900, granting a new trial, and to execute the mandate of this court.

The question presented is whether the court of original jurisdiction had authority upon newly discovered evidence to grant to the railway company a new trial after the final decision in this court.

By the act of Congress of May 2, 1890, providing a temporary government for the Territory of Oklahoma and enlarging the jurisdiction of the United States Court in the Indian Territory and for other purposes, it was declared:

"§ 31. That certain general laws of the State of Arkansas in force at the close of the session of the general assembly of that State of 1883, as published in 1884 in the volume known as Mansfield's Digest of the Statutes of Arkansas, which are not locally inapplicable or in conflict with this act or with any law of Congress, relating to the subjects specially mentioned in this section, are hereby extended over and put in force in the Indian Territory until Congress shall otherwise provide, that is to say, the provisions of the said general statutes of Arkansas relating . . . . to pleadings and practice, chapter 119." 26 Stat. 81, 94, c. 182.

In Mansfield's Digest of the Statutes of Arkansas, c. 119, will be found the following sections under the head of Pleadings and Practice:

"§ 5151. A new trial is a reëxamination in the same court of an issue of fact after a verdict by a jury or a decision by the court. The former verdict or decision may be vacated and a

new trial granted, on the application of the party aggrieved, for any of the following causes, affecting materially the substantial rights of such party: . . . *Second.* Misconduct of the jury or prevailing party. . . . *Seventh.* Newly discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial."

" § 5153. The application for a new trial must be made at the term the verdict or decision is rendered, and, except for the cause mentioned in subdivision 7 of section 5151, shall be within three days after the verdict or decision was rendered, unless unavoidably prevented.

" § 5154. The application must be made by motion, upon written grounds, filed at the time of making the motion. The grounds mentioned in the second, third and seventh subdivisions of section 5151 must be sustained by affidavits showing their truth, and may be controverted by affidavits.

" § 5155. Where grounds for new trial are discovered after the term at which the verdict or decision was rendered, the application may be made by petition filed with the clerk not later than the second term after the discovery, on which a summons shall issue, as on other complaints, requiring the adverse party to appear and answer it on or before the first day of the next term. The application shall stand for hearing at the term to which the summons is returned executed, and shall be summarily decided by the court. The evidence may either be by depositions or by witnesses examined in court. But no such application shall be made more than three years after the final judgment was rendered."

Many of the cases cited by the petitioner have no application to the present proceeding. They relate to suits in equity and to the power of the court of original jurisdiction in an equity suit to prevent or stay the execution of the mandate of an appellate court. There can be no doubt as to what is the rule recognized in cases of that kind in the courts of the United States or in courts established by its authority.

In *Southard* v. *Russell,* 16 How. 547, p. 570, it was said: " Nor will a bill of review lie in the case of newly discovered

evidence after the publication, or decree below, where a decision has taken place on an appeal, unless the right is reserved in the decree of the appellate court, or permission be given on an application to that court directly for the purpose. This appears to be the practice of the Court of Chancery and House of Lords, in England, and we think it founded in principles essential to the proper administration of the law, and to a reasonable termination of litigation between the parties in chancery suits." So in *United States* v. *Knight*, 1 Black, 488, 489 : " The defeated party, upon the discovery of new evidence, may, after a final decree in this court, obtain leave here to file a bill of review in the court below to review the judgment which this court had rendered." In *Sandford Fork & Tool Co., Petitioner*, 160 U. S. 247, 255, the court said : " When a case has been once decided by this court on appeal, and remanded to the Circuit Court, whatever was before this court, and disposed of by its decree, is considered as finally settled. The Circuit Court is bound by the decree as the law of the case ; and must carry it into execution, according to the mandate. That court cannot vary it, or examine it for any other purpose than execution ; or give any other or further relief ; or review it, even for apparent error, upon any matter decided on appeal ; or intermeddle with it, further than to settle so much as has been remanded. *Sibbald* v. *United States*, 12 Pet. 488, 492 ; *Texas & Pacific Railway* v. *Anderson*, 149 U. S. 237. If the Circuit Court mistakes or misconstrues the decree of this court, and does not give full effect to the mandate, its action may be controlled, either upon a new appeal (if involving a sufficient amount) or by a writ of mandamus to execute the mandate of this court." See also *In re Potts, Petitioner*, 166 U. S. 263, 267–8.

The action against the railway company was one at law, and whether the court in the Indian Territory had authority to grant the new trial of which complaint is made depends upon the Arkansas statute which, by the act of Congress, was made a law of the Indian Territory. Sections 5153 and 5154 evidently refer to the ordinary motion or application for a new trial made during the term at which the verdict of the jury or the decision of the court is rendered. Section 5155 relates to

new trials for grounds disclosed after the term, and requires such grounds to be set forth in a petition, summons upon which shall issue against the adverse party. A proceeding under that section is, in form, a new, independent suit, although the statute requires the application to be summarily decided by the court.

These statutory provisions apply to actions at law, not suits in equity. This view is supported by the decision of the Supreme Court of Arkansas in *Jacks* v. *Adair*, 33 Arkansas, 161, 167 (1878). Referring to the statute giving authority to grant a new trial after the term upon the ground of newly discovered evidence, that court said : " The correct view of the statute in question seems to be this : that it extends to cases at law a new remedy, without taking away any which existed in equity, but as to the latter being cumulative, where any difference might exist. It is noticeable that the word 'decrees' is not used, which is the apt and ordinary designation of final orders in equity ; and there are other indications in the language and context of the provisions in question, that they were primarily intended for cases at law, and for new trials of facts found by a jury, or a court sitting as such." [1]

We perceive no reason to doubt that the action of the court of original jurisdiction was justified by the statute. So that the only question remaining is whether it was competent for Congress to confer upon such court, established under the authority of the United States, the power to grant a new trial in an action at law upon grounds discovered after the expiration of the term at which the verdict or decision was rendered. Some light is thrown upon this question by the cases in this and in other courts.

*Ex parte Russell*, 13 Wall. 664, 668, was an action in the Court of Claims to recover compensation for the seizure and use by the United States military authorities of certain steamers belonging to the claimant. The case involved the construction and effect of the second section of the act of June 25, 1868,

---

[1] That case was based upon sections 4688, 4690, 4691 and 4692, Gantt's Digest (1874), which are the same as the above sections in Mansfield's Digest.

which provided that the Court of Claims, "at any time while any suit or claim is pending before or on appeal from said court, or within two years next after the final disposition of any suit or claim, may, on motion on behalf of the United States, grant a new trial in any such suit or claim, and stay the payment of any judgment therein, upon such evidence (although the same may be cumulative or other) as shall reasonably satisfy said court that any fraud, wrong or injustice in the premises has been done to the United States; but until an order is made staying the payment of a judgment, the same shall be payable and paid as now provided by law." In the Court of Claims an application for a new trial was made by the United States when the case was pending in this court. The former court dismissed the application for want of jurisdiction, on the ground, in part, that after it was made the mandate of this court affirming the original judgment against the United States was filed in the Court of Claims. From that order an appeal was allowed to this court, and one of the questions presented was whether the Court of Claims should have dismissed the application for a new trial for want of jurisdiction. This court observed that the Court of Claims erred in dismissing the application, and after referring to the causes which probably induced the passage of the act of June 25, 1868, said: "But whatever reasons Congress may have had for passing the act, of its right to pass it there is no question. The erection of the Court of Claims itself, and the giving to parties the privilege of suing the Government therein, though dictated by a sense of justice and good faith, was purely voluntary on the part of Congress; and it has the right to impose such conditions and regulations in reference to the proceedings in that court as it sees fit. The section in question was undoubtedly intended to give the Government an advantage, which, in respect to its form, is quite unusual, if not unprecedented, but which Congress undoubtedly saw sufficient reason to confer. It authorizes the Court of Claims, on behalf of the United States, at any time while a suit is pending before, or on appeal from, said court, or within two years next after the final disposition of such suit, to grant a new trial upon such evidence as shall satisfy the

court that the Government has been defrauded or wronged.
. . . It has been objected that the granting of a new
trial after a decision by this court is, in effect, an appeal from
the decision of this court. This would be so if it were granted
upon the same case presented to us. But it is not. A new
case must be made; a case involving fraud or other wrong
practised upon the Government. It is analogous to the case of
a bill of review in chancery to set aside a former decree, or a
bill impeaching a decree for fraud. We are of opinion, there-
fore, that the Court of Claims had jurisdiction to grant a new
trial, notwithstanding the filing of the mandate of this court."
Chief Justice Chase and Mr. Justice Clifford dissented from
the opinion because, in their judgment, "the act of Congress
did not warrant the granting of a new trial on a petition filed
subsequent to an appeal and the return of the mandate of this
court." In *Ex parte United States*, 16 Wall. 699, 703, the
above case was again before this court, and a peremptory man-
damus was awarded requiring the Court of Claims to hear and
determine the application for a new trial.

In *United States* v. *Young*, 94 U. S. 258, 260, it appeared
that a new trial was granted by the Court of Claims, in a suit
at law, while an appeal was pending here from the original
judgment. This court said: "The Court of Claims, by grant-
ing a new trial, has resumed control of the cause and the par-
ties. This it had the right to do. Such a power may be some-
what anomalous, but it is expressly given, and every person
when he submits himself to the jurisdiction of that court for the
prosecution of his claim submits himself to its operation. The
proceedings under which the new trial was obtained are now a
part of the record below, and, after judgment is finally rendered,
may be brought here by appeal for review."

In *Belknap* v. *United States*, 150 U. S. 588, 590, 591, the
court observed that while ordinarily the Court of Claims would
be without power to grant a new trial at a term subsequent to
that at which the original judgment was rendered, it had such
power under section 1088 of the Revised Statutes—which is
the same in substance as the second section of the above act of
June 25, 1868. The court said: "In order to give full effect

to this statute the Court of Claims must have power to grant a new trial at a term subsequent to that at which the judgment was rendered, for it explicitly provides that it may be exercised at any time within two years."

In Iowa there is a statute giving the court power to grant a new trial on grounds discovered after a verdict or decision is rendered—the petition for the new trial to be filed not later than one year after 'final judgment, and the case made by it tried as other cases. In *Cook* v. *Smith*, 58 Iowa, 607, 608, the Supreme Court of that State said: "The right to apply for, and the power of the court to entertain, jurisdiction of the application during the time limited in the statute are absolute and unconditional. There is no such inconsistency between the two proceedings as to require the one to be abated because the other is pending. It may be both should not be actively prosecuted at the same time for the determination of one, may render a decision in the other unnecessary. Upon application this would no doubt be controlled by the courts. Suppose .the ground upon which a new trial was asked was not discovered until after the appeal was taken, on the last day allowed therefor, would such appeal deprive the court of the power to entertain jurisdiction of a petition for a new trial? Clearly not, we think, for during the time limited in the statute the power of the court and the right of the party are unconditional. There are cases where neither party is satisfied with the judgment below. Would an appeal by one party oust the court of the power to entertain and grant a new trial on the application of the other party? We think not."

In a case arising under a statute similar to the one in Arkansas, the Supreme Court of California said: "The appeal from the judgment did not divest the trial court of jurisdiction to hear and determine the motion for a new trial." *Naglee* v. *Spencer*, 60 California, 10. In *Rayner* v. *Jones*, 90 California, 78, 81, the same court said: "A notice of motion for a new trial was served and filed in due season, and upon the hearing of the motion the trial court dismissed it, upon the theory, evidently, that as the judgment made and entered had been appealed from when the motion for a new trial came on for hearing, the court below

had lost jurisdiction to determine it. This view of the matter is untenable, and the court should have heard the motion, and either granted or denied it, upon the bill of exceptions presented, which is a part of the record here on the appeal from the order of dismissal." See also *Carpentier* v. *Williamson*, 25 California, 154, 167; *McDonald* v. *McConkey*, 57 California, 325; *Chase* v. *Evoy*, 58 California, 348; *Scott* v. *Scott's Ex'r*, 82 Kentucky, 328; *Duffitt* v. *Crozier*, 30 Kansas, 150; *Hines* v. *Driver*, 89 Indiana, 339; *Railroad Co.* v. *O'Donnell*, 24 Nebraska, 753.

The same principles have been recognized in criminal cases. In *State ex rel. Turner* v. *Circuit Court for Ozaukee County*, 71 Wisconsin, 595, which was a criminal case, an application was made for a new trial after the affirmance of the original judgment. In that State it was provided by statute that " the Circuit Court may at the term in which the trial of any indictment or information shall be had, or within one year thereafter, and in either case before or after judgment, on the petition or motion in writing of the defendant, grant a new trial for any cause for which, by law, a new trial may be granted, or when it shall appear to the court that justice has not been done, and on such terms as the court may direct." The Supreme Court of Wisconsin said: " It appears that a proper motion was made within one year from the judgment, upon the grounds addressed to the discretion of the Circuit Court, and a new trial was undoubtedly granted under the special authority conferred by the above statute; and the question now is, Had the court power to grant it? We can only consider the question of the power or jurisdiction of the court in the matter, not whether it exercised that power wisely or granted the motion on insufficient grounds, for the court may have erred, but error does not affect its jurisdiction. This statute was probably borrowed from Massachusetts. See Pub. Stat. Mass. 1882, c. 114, § 128; *Com'th* v. *Peck*, 1 Met. 428; *Com'th* v. *McElhaney*, 111 Mass. 439; *Com'th* v. *Scott*, 123 Mass. 418. Also Terr. Stat. Wis. 1839, p. 377, § 6; Rev. Stat. 1849, c. 149, § 6; Rev. Stat. 1858, c. 180, § 6. We do not well see upon what grounds the power of the court to grant the new trial can be denied if the provision is valid. The fact that the judgment has been affirmed by this court furnishes no suffi

cient reason for denying that power. It is said by the affirmance of the judgment it became a finality, a final determination of the cause and sentence of the law. That view would certainly be correct had not the legislature conferred this special authority to grant a new trial upon a proper cause shown. On affirmance of a judgment in a civil case no new trial could be granted unless the statute authorized it. Only where the statute does authorize it can a new trial after affirmance be granted, either in a civil or criminal cause. In actions of ejectment the Circuit Court can grant a new trial even after affirmance by this court, and this by virtue of a statute upon the subject. *Haseltine* v. *Simpson*, 61 Wisconsin, 427. Consequently we can perceive no sufficient grounds or reasons for denying the validity of the statute to grant a new trial after judgment has been affirmed in this court, any more in a criminal than in a civil cause."

In *Commonwealth* v. *McElhaney*, 111 Mass. 439, 441, 443, which was an indictment for murder, an application was made by petition for a new trial on the ground of newly discovered evidence. The question was raised by the Commonwealth whether the application could be entertained after the accused had been sentenced to death and the executive warrant for execution thereof issued. The question depended upon section 7, of the General Statutes of Massachusetts, c. 173, providing that " the Supreme Judicial Court and Superior Court may, at the term in which the trial of any indictment is had, or within one year thereafter, on the petition or motion in writing of the defendant, grant a new trial for any cause for which by law a new trial may be granted, or when it appears to the court that justice has not been done, and on such terms or conditions as the court shall direct." The Supreme Judicial Court of Massachusetts said : " At the time of the passage of the General Statutes, therefore, this court had no original criminal jurisdiction, except of capital cases ; and in these cases sentence has always been passed within a very short time after the trial and conviction, and a copy of the record of the conviction and sentence forthwith transmitted to the Governor, in accordance with the Revised Statutes, c. 139, § 11, and the General Statutes, c. 174,

§ 24; and yet the General Statutes, c. 173, § 7, in terms authorize a petition for a new trial to be presented to this court at any time within one year after the trial. The unavoidable conclusion is that so long as that year has not elapsed, and the sentence has not been carried into execution, the court is authorized to entertain a petition for a new trial."

In no one of the above cases, nor indeed in any case to which our attention has been called, was there any suggestion of the want of power in the legislature to authorize the granting of a new trial in an action at law upon evidence discovered after the term at which the verdict or decision was rendered. So far as the power of Congress is concerned, we cannot conceive that legislation of that character in respect of cases at law, as distinguished from cases in equity, infringes upon any right secured by the Constitution of the United States.

In the case now before us it appears that the operation of the original judgment was suspended by a supersedeas. But the statute, reasonably construed, does not declare that the right to apply for a new trial upon newly discovered evidence after the term shall be any the less when the original judgment is superseded. Nor does it declare that a new trial of an action at law shall not be applied for or granted while the case is pending in the appellate court. It is true that, in the absence of legislation to the contrary, neither the filing of a petition for new trial nor the granting of a new trial by the court of original jurisdiction, after the term and upon newly discovered evidence, interferes with the power of the appellate court to proceed with the hearing and determination of the case upon the record before it. But the operation and effect of its final judgment may be ultimately controlled by the disposition made by the court of original jurisdiction of an application for a new trial made in conformity with a statute. If this b<sup>,</sup> regarded as an anomalous rule of procedure in actions at law, it is sufficient to say that Congress, in its wisdom and in order to promote the ends of justice, saw proper to prescribe it, and we know of no reason to question the authority it has exercised upon this subject. All embarrassment in the present case was avoided by the fact that the new trial of which petitioner com-

plains was not granted while the original case was in this court nor until after our mandate had been filed in the court of original jurisdiction.

Our conclusions are : 1. That the statute of Arkansas in question, which was made by Congress the law of the Indian Territory, is to be held applicable only to actions and proceedings at law in the courts of that Territory, as distinguished from suits or proceedings in equity ; 2. That an application under that statute, within the time prescribed, for a new trial in an action at law, upon grounds discovered after the term at which the verdict or decision was rendered, was a matter of right, and did not require the leave of any court—the application constituting, on appeal, a new action, in which summons or process would regularly issue against the adverse party, and which must be heard and determined by the court upon evidence adduced by the parties.

*It results that the court of original jurisdiction acted within the authority conferred upon it, and the rule for a mandamus compelling it to set aside the order granting a new trial must be discharged, and it is so ordered.*