BLUFORD CHAMBLISS, as Administrator of JEFFERSON CHAMBLISS, Deceased, Appellant, v. J. H. HASS, as Administrator of the Estate of BENJAMIN CHAMBLISS, Deceased, Appellee.

**New trial.** The granting of a new trial is so peculiarly discretionary with the trial court that its order will not be interfered with in the absence of abuse.

**Same.** An appeal from a judgment will not affect the right to petition for a new trial on the ground of newly discovered evidence, under Code, section 4094.

**New trial after payment of judgment.** The affirmance of a judgment on appeal and payment thereof on execution, is not ground for denying a new trial upon an application based on newly discovered evidence and filed within the year, pursuant to Code, section 4094.

**Voluntary payment: RESTITUTION.** The payment of a judgment on execution is not voluntary, and does not operate as a waiver of the right to restitution.

**New trial: STAY OF APPELLATE PROCEEDINGS.** Where the appeal from a judgment is not determinative of the rights of the parties as disclosed in the proceedings for a new trial, failure to procure a continuance or stay of the appellate proceedings will not affect the right to a new trial.

*Appeal from Muscatine District Court.*— HON. D. V. JACKSON, Judge.

THURSDAY, OCTOBER 27, 1904.

THE opinion states the case.— *Affirmed.*

*J. R. Williams* and *J. C. Coster,* for appellant.

*William Hoersch* and *Carskadden & Burk,* for appellee.

WEAVER, J.— Benjamin Chambliss died intestate in the year 1899, and the appellee herein, J. H. Hass, was duly appointed administrator of his estate. Thereafter Jefferson Chambliss, a son of the intestate, brought suit against the administrator, claiming the ownership of certain promissory notes held by said administrator, and listed as a part of the assets of the estate of Benjamin Chambliss. Upon trial, judgment was rendered in favor of the claimant. Within less than one year from the date of said judgment the administrator filed a petition for new trial under the provisions of Code, title 20, chapter 1, alleging the discovery of new and material evidence tending to show that the testi-

mony offered upon the trial by said Jefferson Chambliss concerning his alleged possession of the notes during the lifetime of his father was untrue, and that the gift or transfer to his son was never in fact consummated by delivery. The plaintiff's demurrer to this petition having been overruled, he filed an answer in the nature of a denial. In February, 1903, Jefferson Chambliss died, and his administrator was substituted as plaintiff. In April, 1903, plaintiff amended his answer to petition for new trial, alleging that, before said petition was filed the defendant had appealed from the judgment of the district court to this court, where, on May 21, 1902, said judgment was duly affirmed, and that thereafter execution had been issued upon said judgment, and was returned by the sheriff on June 10, 1902, fully satisfied, for which reasons the trial court was without jurisdiction to entertain the petition for a new trial. To this amendment a demurrer was sustained, and trial was held to the court upon the issues presented by the petition and answer. The court found for the petitioner, and ordered a new trial, and plaintiff's appeal from this order is now before us.

I. Counsel have argued the sufficiency of the showing of newly discovered evidence as ground for a new trial, but we think it unnecessary for us to go into any review of the record on this point. The granting of a new trial is so peculiarly a matter within the discretion of the trial court that we will not interfere with such order, save where a clear case of abuse of judicial discretion is made out. In the case before us the principal testimony alleged to have been discovered was a letter said to have been written by Jefferson Chambliss, in which he admitted that the gift to him had never been consummated by delivery. If the letter was genuine, it went very far to prove that plaintiff's claim to the notes was unfounded, and was therefore an item of evidence of the highest importance in determining the truth of the controversy. The testimony bear-

1. NEW TRIAL.

ing on the genuineness of the writing and on the matter of defendant's diligence in discovering it was for the consideration of the court, and its finding thereon is not so unreasonable or so without substantial support as to be held reversible error. In connection with this proceeding, plaintiff also moved to suppress the deposition of the witness, a sister of plaintiff, who produced the letter, and assigns error upon the overruling of the motion. Other rulings upon the admission of evidence are also complained of, but, without pausing to consider them separately, we are of the opinion that none of these objections are well taken.

II. The one serious question presented by this appeal is upon the ruling of the trial court sustaining defendant's demurrer to the plea setting up the appeal from the judgment 2. SAME.     in the main case, the affirmance of such judgment, and its subsequent payment, as a bar to the demand for a new trial. The contention of the appellant, that the appeal from the judgment in the principal case had the effect to deprive the trial court of jurisdiction to entertain the application for new trial, cannot be sustained. The right to petition for new trial within one year upon the grounds named in the statute is absolute and unqualified, and is wholly independent of the right of appeal. The proceeding involves no attempt to review the judgment which has been appealed from, nor to pass upon or take advantage of any alleged error in the record. It is in effect an independent proceeding, in which a new and different issue is joined and tried as an ordinary action. Code, sections 4094, 4095. *Bank v. Murdough,* 40 Iowa, 26; *Cook v. Smith,* 58 Iowa, 607. In the last-cited case, after judgment rendered against them in the circuit court, the defendants filed a petition for a new trial, and, without waiting for a disposition of the petition, they also prosecuted an appeal to this court, where the judgment was affirmed. Pending the appeal, the plaintiff filed an answer setting up the pendency of the case in this court as a bar to

the proceeding for a new trial, and a demurrer thereto was sustained. After the affirmance of the judgment on appeal the proceeding for a new trial was brought on for hearing,. and a new trial granted, and, this order being appealed from, was by us affirmed, saying that " during the time limited by statute the power of the court and the right of the party are unconditional." The case at bar is parallel with *Cook v. Smith* in every essential particular, except as relates to the payment and satisfaction of the judgment, the effect of which we shall hereinafter consider. The view we have indicated has the very general support of the authorities. *Henry v. Allen,* 147 N. Y. 346 (41 N. E. Rep. 894); *Hellman v. David Alder & Sons Clothing Co.,* 60 Neb. 580 (83 N. W. Rep. 846); *Brooks v. Syndicate,* 24 Nev. 264 (53 Pac. Rep. 597); *Naglee v. Spencer,* 60 Cal. 10; *Fuller v. United States,* 182 U. S. Rep. 563 (21 Sup. Ct. 871, 45 L. Ed. 1230); *State v. Cir. Court,* 71 Wis. 595 (38 N. W. Rep. 192).

In Fuller's Case a judgment in his favor was affirmed by the Circuit Court of Appeals (72 Fed. Rep. 467, 18 C. C. A. 641) and by the Supreme Court of the United States (18 Sup. Ct. 944, 168 U. S. 707, 42 L. Ed. 1215), and mandate returned to the trial court. A petition for new trial had been filed while the appeal was pending, and, after final order of affirmance had been entered, the trial court granted a new trial as prayed. Upon appeal from this order, the court, by Harlan, J., goes into an elaborate discussion of the statute providing for new trials, and of the precedents, including *Cook v. Smith,* and decides that the trial court acted within its jurisdiction. It says of the proceeding that it " is in form a new and independent suit, although the statute requires it to be heard summarily by the court," and quotes approvingly from *Ex parte Russell,* 13 Wall. 664 (20 L. Ed. 632), the following pertinent language: " It has been objected that the granting of a new trial after a de-

cision by this court is, in effect, an appeal from the decision of this court.   This would be so if it were granted upon the same case presented to us.   But it is not.   A new case must be made; a case involving fraud or other wrong upon the government [the new trial in that case having been granted upon the application of the United States.]   It is analogous to the case of a bill of review in chancery to set aside a former decree or a bill impeaching a decree for fraud." In *Henry v. Allen, supra,* an appeal having been taken from the judgment of the trial court, and a proceeding having also been begun in that court for a new trial, the appellant moved the Court of Appeals to suspend further proceedings for the time being without prejudice to his rights in the premises, and to remand the case to the trial court in order that the application for a new trial might be disposed of.   This motion was denied on the ground that the pendency of the appeal in no manner affected the right or jurisdiction of the lower court to proceed to hear and dispose of the application.   In *Brooks v. Syndicate, supra,* a motion by appellee in the Supreme Court to dismiss the appeal because the appellant had applied for and obtained an order for a new trial in the court below was overruled, the court holding there was no such interference of jurisdictions, and no such inconsistency between the right to appeal and the right to apply for a new trial, that both might not be prosecuted to a termination.   A like principle was applied by the West Virginia court in *Gillespie v. Allen,* 37 W. Va. 675 (17 S. E. Rep. 184).   It is there held that where, pending an appeal, a bill of review has been filed in the lower court, based solely on the ground of newly discovered evidence, the questions presented to the two tribunals are entirely distinct, and no confusion can arise from their separate determination.   The question presented by the appeal from the judgment is simply whether the record of the proceedings before the trial court is sufficient to sustain it.   The

appellate tribunal cannot hear or consider any attack upon such judgment for fraud or undue advantage in its procurement, except as the same is disclosed by the record. Of after-discovered fraud, perjury, or other wrong it can take no original cognizance. That is left to the trial court alone. The affirmance of the judgment on appeal makes it immune against all attack based upon or inhering in the record of the proceedings up to and including its rendition by the trial court, but it cannot estop the party aggrieved 'who, within the time prescribed by statute, makes a sufficient showing that but for the fraud or wrong, since discovered, of the prevailing party, such judgment would probably not have been obtained. To so hold would be to nullify to a great extent the statute providing for new trials.

We come, then, to inquire whether the collection of the judgment upon execution after its affirmance by this court operates to defeat the right to a new trial. It is a well-settled proposition that one who obtains and

3. NEW TRIAL AF-
TER PAYMENT
OF JUDGMENT.

enforces a judgment which is afterwards reversed on appeal, or is annulled or set aside by the trial court for fraud or mistake, may be required to make restitution to the party so injured. *Pittsfield v. Barnstead,* 38 N. H. 115; *Heath v. Halfhill,* 106 Iowa, 131; *Zimmerman v. Bank,* 56 Iowa, 133; *Hanschied v. Stafford,* 27 Iowa, 301; *Kidd v. Curry,* 29 Hun, 215; *Clark v. Pinney,* 6 Cow. 299; *Haebler v. Myers,* 132 N. Y. 363 (30 N. E. Rep. 963, 15 L. R. A. 588, 28 Am. St. Rep. 589); *Bank U. S. v. Bank,* 31 U. S. Rep. 8 (8 L. Ed. 299); *Heydenfeldt v. Sup. Ct.,* 117 Cal. 348 (49 Pac. 210); *Flemings v. Riddick's Ex'r,* 5 Grat. 272 (50 Am. Dec. 119); *Peyser v. Mayor,* 70 N. Y. 500 (26 Am. Rep. 624); *Hiler v. Hiler,* 35 Ohio St. 647; *Cleveland v. Tufts,* 69 Tex. 584 (7 S. W. Rep. 72). Independent of statutory provisions for restitution upon motion, the right thereto has long been recognized as a rule of the common law, and may be enforced in an independent

. action.    It is said that, where payment of money has thus
been enforced upon a judgment or order of the court which
is afterward reversed or set aside, the law implies a promise
to restore it to the party from whom it was exacted. ' *Bank
U. S. v. Bank,* 31 U. S. Rep. 17 (8 L. Ed. 299) ; *Haebler v.
Myers, supra.*   Had no appeal been taken, and plaintiff had
enforced collection of his judgment soon after its rendition,
and thereafter, and within the year allowed by the statute,
the defendant had obtained a vacation of such judgment
and an order for new trial, no one, we think, would contend
that such payment would deprive the defendant of the right
to be heard, or of the right to restitution should the retrial '
result in his favor.

Nor do we see how the fact that an appeal has been
taken and judgment affirmed before the order for new trial is
entered can introduce any change in the relative rights or
positions of the parties.   As already suggested, the affirm-
ance simply decides that the judgment was regularly and
properly entered upon the case which the trial court then
had before it, but leaves it exposed to the liability of a new
trial, on proper showing therefor, precisely as if no appeal
had been taken.   Let us suppose, for instance, that an ap-
peal had been promptly perfected, an affirmance ordered,
and the judgment collected by execution, all within six
months from the date of its rendition in the trial court, and
thereafter and within one year the defendant had discovered
indubitable proof that the recovery against him had been
secured by gross fraud and perjury; could it be said that
the affirmance and satisfaction of the judgment had made
the statutory provision for new trial of no avail to him ?   If
so, why ?   The law gave him the entire year in which to act,
and an application made upon evidence discovered during
the eleventh month is as timely as if it had been made dur-
ing the first month.   This issue which he now seeks to try
has never been adjudicated by any court, and was in no

manner considered or passed upon by the appellate tribunal, and the satisfaction of the judgment by execution cannot be considered an acknowledgement of its finality or a waiver of the right to attack it for fraud.

It is suggested, also, that the payment was voluntary, and operates as a waiver of any right to restitution. Even if the payment had been made without actual coercion, it does not follow that no right to demand repayment exists. Whatever may be the doctrine of some of the older cases, it is now the recognized general rule that a party under such circumstances is not required to submit to seizure or distress of his property to preserve his right to compel restitution. *Scholey v. Halsey,* 72 N. Y. 578; *Hiler v. Hiler,* 35 Ohio St. 645; *Brown v. Richardson,* 30 N. Y. Super. Ct. 57. See, also, *Manning v. Poling,* 114 Iowa, 20, and cases there cited. In the present case the only showing as to the manner of payment is contained in the pleading to which the demurrer was sustained. The allegation there made is that, after the judgment was affirmed, execution was issued thereon, and " returned on the 10th day of June, A. D. 1902, fully satisfied." Accepting the correctness of this statement, it must be conceded that the payment was involuntary, within the rule applied by us in the Manning Case. A payment made upon execution is not voluntary. *Nichols v. Knowles* (C. C.) 5 McCrary, 478 (17 Fed. Rep. 494).

4. VOLUNTARY PAYMENT: restitution.

Finally, it is argued that defendant might have applied to this court while his appeal was pending, and procured a continuance or stay in the appellate proceedings until his application for new trial was disposed of, and, having failed to do so, he cannot now be heard to insist upon his right to a new trial; and in support of this proposition we are cited to *Manning v. Poling, supra.* The cases are not parallel. There, one Ferguson sold and guaranteed payment of a certain promissory

5. NEW TRIAL: stay of appellate proceedings.

note secured · by mortgage to the plaintiff Manning. In proceedings for the foreclosure of the mortgage, certain judgment creditors of the mortgagor sought to assert the priority of their lien. Foreclosure was had against Poling, and Ferguson became purchaser at the sale, and obtained a sheriff's deed and possession of the land. Upon the issue joined between Ferguson and the judgment creditor, decree having been entered denying the former full relief, he appealed to this court, where the decree was reversed. Meanwhile the judgment creditor had sold the land, and to prevent a sheriff's deed being made on such sale, Ferguson redeemed therefrom. After the reversal he filed a supplemental pleading in the trial court, and asked that the money paid in redemption be returned to him. We held he was not entitled to the relief demanded, because he might have protected his possession of the property by a restraining order from this court. In· explanation of this holding, we said : " The very point involved in the appeal was determinative of whether his judgment was the superior lien, and of his right to the possession under the sheriff's deed." The language indicates with great clearness the radical distinction between that case and the one at bar. The appeal from the judgment in the principal case was not in any manner or degree determinative of the rights of either party in the proceeding for a new trial; consequently, as the reason assigned for the decision in the Manning Case did not exist, the occasion for applying the rule there recognized does not arise. We do not wish to be understood as holding that this court, in the exercise of its inherent powers and in furtherance of justice, may not, upon good cause shown, stay proceedings upon appeal while the lower court disposes of an application for new trial. But when such relief is given, it is a matter of grace and not of right, and we think that a party failing to ask such an order ought not thereby be held

to lose the benefit of the remedy guaranteed to him by the statute.

In our judgment, the conclusion reached by the trial court is correct, and the order appealed from is *affirmed*.