### STATE ex SKELMUTH v JOHNS

Ohio Appeals, 5th Dist, Stark Co
No. 1180.   Decided May 8, 1931

L. C. Wiggins, Massillon and Price Janson, Canton, for Skelmuth.

M. W. Wendling and T. M. Miller, Canton, for Johns.

**LEMERT, J.**

There was no proceeding instituted in the Supreme Court to reverse the judgment of this court. The decision of this court, made at the time aforesaid, became and is now the law of this case and it would, therefore, preclude the plaintiff in error from a new trial on the allegations set forth in the petition. By the opinion of this court, as filed on the 5th day of February, 1931, said cause was not remanded to the Court of Common Pleas, and therefore, the Court of Common Pleas was without jurisdiction to hear and determine any new matter upon the question of newly discovered evidence, or upon any other issue pertaining to the case.

This court found that the charges against the plaintiff in error were lawful and that there was some evidence to sustain such charges; that it becomes and is immaterial whether the appointing or discharging officer had other reasons for discharging plaintiff in error.

We note from an examination of the record before us that the court below had the right to and it was proper for it to determine whether or not there was due diligence exercised by the plaintiff below in ascertaining the facts that he sought therein to have the court consider. If it were to be conceded that the plaintiff below had the right, which we do not believe he had, to ask the court below to reconsider and open up the case and grant him a new trial on the ground of newly discovered evidence, the court below would not be in error in refusing to grant such motion, in the absence of proof of the due diligence in ascertaining such facts. 21 C. C. Dec. (N.S.), 26.

It therefore follows that the finding and judgment of the court below will be and the same is hereby affirmed. Exceptions may be noted.

SHERICK, PJ, and MONTGOMERY, J, concur.