TOWNLEY, ADMR., APPELLEE, *v.* THE A. C. MILLER CO., APPELLANT.

(No. 289—Decided April 9, 1941.)

Mr. J. W. Jacoby, for appellee.

Mr. Wm. Harvey Jones and Mr. Francis M. Marriott, for appellant.

SHERICK, J. If the character and history of the action out of which this proceeding grows is of interest, it will be found set forth in *Townley, Admr.,* v. *Union Fork & Hoe Co.,* 60 Ohio App., 544, 22 N. E. (2d), 211. It is therein shown that on March 28, 1938, the trial court overruled the Miller company's motion for judgment notwithstanding the verdict upon the special findings of the jury and entered final judgment for plaintiff, appellee herein, upon the jury's verdict. From this judgment defendant appealed, and this court, on December 6, 1938, concluded that the trial court had erred in its refusal to direct a verdict in defendant's favor, in its refusal to enter judgment on the special findings, in overruling defendant's motion for judgment *non obstante veredicto,* and in entering judgment on the verdict in plaintiff's favor. Whereupon this court proceeded to and did, under Section 12223-38, General Code, vacate the trial court's judgment and render "such judgment as the court below should have rendered." The petition of plaintiff was dismissed, judgment was entered against plaintiff for costs, and final judgment was entered in defendant's favor. A special mandate was sent to the trial court directing it "to carry this judgment into effect." The cause was not remanded for further proceedings.

Plaintiff excepted to the judgment of this court and

appealed therefrom to the Supreme Court, which on February 15, 1939, overruled plaintiff's motion to certify, and dismissed the appeal, and likewise issued its mandate to the trial court to carry the judgment into effect.

Thereafter on April 1, 1939, plaintiff filed his original petition in the trial court, in this, a special proceeding, the object of which is to procure a new trial upon the theory of newly discovered evidence. A demurrer was filed to this petition. It was sustained. On August 9, 1939, plaintiff filed an amended petition, the prayer of which is as follows:

"Wherefore, plaintiff prays that the verdict returned by the jurors in said cause No. 12648 and the report of the jurors of their special findings Nos. 1 to 5 and returned into court with said verdict and the judgment based upon the report of such special findings be vacated and set aside and that a new trial be granted in said cause No. 12648, and for such other and further relief as plaintiff may be entitled to either in law or in equity."

This pleading is of considerable length. It recites the original cause of action as pleaded, the substance of the answer and reply, and the successive happenings throughout its course in three courts. It is averred that after trial newly discovered evidence was learned of, which would materially affect the result. This evidence is set forth at length. It is pleaded that the jury's verdict has never been set aside or vacated, and that the special findings Nos. 1 to 5 are wrong, and not in accordance with the newly discovered facts, and have never been set aside. It is averred that the judgment of the Court of Appeals is wrong and not in accordance with the facts. The petition closes with the prayer previously recited.

To this amended pleading, the defendant demurred. Three grounds are set forth: First, that the trial court had no jurisdiction of the subject-matter; second, that the proceeding was not brought within the time limit prescribed by law; and, third, that the pleading does not state facts which state a cause of action entitling plaintiff to the relief sought. The trial court overruled the demurrer, and, at the conclusion of the hearing of testimony, ordered that the verdict be vacated and granted a new trial.

The defendant seeks a reversal upon four grounds. First: It is said that the judgment is void in law because it does not vacate any judgment, but purports to set aside the jury's previous verdict. Second: The trial court was without jurisdiction, because plaintiff was not a party aggrieved thereby, and the proceeding was not commenced within one year. And for the further reason, that the judgment affected by the order granting a new trial was not its judgment, but that of the Court of Appeals. Third: That the amended petition does not allege any fact which shows that plaintiff used due diligence before trial to ascertain the facts subsequently discovered. Fourth: That plaintiff is estopped to seek and secure the remedy obtained, because plaintiff, with full knowledge of the newly discovered evidence, made no move to procure a vacation of the judgment in either the trial court or the Court of Appeals, but elected to appeal his cause to the Supreme Court.

Before proceeding further it should be stated that although testimony was taken and a record made before the trial court on plaintiff's petition to vacate, such is not before the court, the same having heretofore been stricken from the files by another branch of this court, for the reason that appellant had failed to interpose a motion for a new trial.

The sections of the Code under which this special proceeding is brought are a matter of dispute between the parties. Appellee says he is proceeding under Sections 11576, 11578 and 11580. Appellant would have it that the proceeding is only maintainable under Section 11631 *et seq.*, General Code, which concern "Other Relief after Judgment." Clearly these respective sections ordinarily afford an alternative remedy, as was held in *Kesting* v. *East Side Bank Co.*, 14 C. C. (N. S.), 529, 23 C. D., 77, affirmed without opinion in *Kesting* v. *East Side Bank Co.*, 76 Ohio St., 591, 81 N. E., 1188. Section 11631, in this instance however, could not be employed, for the very evident reason that vacation upon the theory of newly discovered evidence was not made a ground therein for relief after judgment.

On the other hand Section 11576, General Code, found under "Chapter 5: New Trial," reads in part:

"A former verdict, report, or decision, shall be vacated, and a new trial granted by the trial court on the application of a party aggrieved, for any of the following causes affecting materially his substantial rights: * * *

"7. Newly discovered evidence, material for the party applying, which with reasonable diligence he could not have discovered and produced at the trial."

We further quote the pertinent parts of the other two sections which are drawn in question:

Section 11578. "The application for a new trial must be made at the term the verdict, report, or decision is rendered, except for the cause of newly discovered evidence, material for the party applying, which he could not with reasonable diligence discover and produce at the trial."

Section 11580. "When, with reasonable diligence, the grounds for a new trial could not be discovered be-

fore, but are discovered after the term at which the verdict, report, or decision was rendered or made, the application may be by petition, filed not later than the second term after the discovery, nor more than one year after final judgment was rendered * * *.''

At first blush, the thought comes, that the trial court by its act of vacation of the verdict has arbitrarily nullified the judgment of this court, and that thereby an inferior court after a reversal has been entered has imposed its will upon its superior. It seems as if this should never be permitted. But this seeming does not produce a logical answer to the perplexing problem.

Just what do these three sections actually presage? Did their enactment establish an optional privilege or create an absolute unconditional right to be exercised independently of the outcome of an action in a trial court or a court of review? There can be no question but that the Legislature had the power and authority to enact these remedial sections in the interests of justice. Its wisdom in so doing is not for this court's determination. Undoubtedly the sections create an unqualified right in an aggrieved litigant. Their application is dependent upon one condition and only one, which is that the proceeding be commenced within the time allowed. Nothing is said therein which imposes any condition in the event of an affirmance or reversal in a reviewing court. Nothing is said respecting the pendency of the parent cause in a reviewing court.

In *Ex parte Fuller*, 182 U. S., 562, 45 L. Ed., 1230, 21 S. Ct., 871, the court considered like statutes of Arkansas, made applicable in Indian Territory by an act of Congress. Therein a judgment had been affirmed by the Circuit Court of Appeals, and while an appeal was pending in the Supreme Court and before its af-

firmance was entered the unsuccessful party commenced a similar proceeding in the District Court, which was the court of first instance. Justice Harlan concludes the court's reasoning with these words:

"In the case now before us it appears that the operation of the original judgment was suspended by a supersedeas. But the statute, reasonably construed, does not declare that the right to apply for a new trial upon newly discovered evidence after the term shall be any the less when the original judgment is superseded. Nor does it declare that a new trial of an action at law shall not be applied for or granted while the case is pending in the appellate court. It is true that, in the absence of legislation to the contrary, neither the filing of a petition for new trial nor the granting of a new trial by the court of original jurisdiction, after the term and upon newly discovered evidence, interferes with the power of the appellate court to proceed with the hearing and determination of the case upon the record before it. But the operation and effect of its final judgment may be ultimately controlled by the disposition made by the court of original jurisdiction of an application for a new trial made in conformity with a statute. If this be regarded as an anomalous rule of procedure in actions at law, it is sufficient to say that Congress, in its wisdom and in order to promote the ends of justice, saw proper to prescribe it, and we know of no reason to question the authority it has exercised upon this subject."

In *Cook* v. *Smith,* 58 Iowa, 607, 12 N. W., 617, it was held under like statutes, that:

"The right to apply for, and the power of the court to entertain, jurisdiction of the application during the time limited in the statute are absolute and unconditional. There is no such inconsistency between the two proceedings as to require the one to be abated be-

cause the other is pending. It may be both should not be actively prosecuted at the same time, for the determination of one may render a decision in the other unnecessary. Upon application this would no doubt be controlled by the courts. Suppose the ground upon which a new trial was asked was not discovered until after the appeal was taken, on the last day allowed therefor, would such appeal deprive the court of the power to entertain jurisdiction of a petition for a new trial? Clearly not, we think, for during the time limited in the statute, the power of the court and right of the party are unconditional. There are cases where neither party is satisfied with the judgment below. Would an appeal by one party oust the court of the power to entertain and grant a new trial on the application of the other party? We think not."

We conclude that the trial court did have jurisdiction, if plaintiff was aggrieved by the verdict; if the proceeding was commenced within time; if the judgment of reversal is subject to like reasoning as in *Ex parte Fuller* and *Cook* v. *Smith, supra*; and if plaintiff's prosecution of its appeal to the Supreme Court did not amount to an election of remedies which worked an estoppel. We here choose to further pursue the third contingency.

The fact that this court reversed the judgment of the trial court in the parent case, and entered the judgment which it should have entered, that is, judgment for defendant notwithstanding the verdict, should not change the rule. This court did not vacate or set aside the verdict, but upon a proposition of law entered judgment otherwise in spite of it. The verdict was left standing; emasculated in truth, but it was still the jury's general verdict.

Reverting to Section 11576, General Code, it is noted that "a former verdict * * * shall be vacated, and a

new trial granted,'' etc. When the section is read, and giving it its full grammatical sense, it must be perceived that it and the two related sections prescribe no condition prohibiting their application in cases where a reviewing court reverses the judgment. Finding no such inhibition this court will not engraft one thereon. The reasons appearing in *Ex parte Fuller* and in *Cook* v. *Smith, supra,* are in this situation equally apropos.

Did plaintiff by appealing from this court to the Supreme Court, knowing of the evidence newly discovered, thereby make an election of remedies which now estops him from seeking vacation of the verdict and a new trial? Our answer is, no. Plaintiff had a statutory right of appeal. He might thereby have accomplished his purpose. He had moreover an additional right under the sections now under consideration, that is, to vacate the verdict and obtain a new trial. As previously noted, these remedies are not dependent one upon the other, and even though they are related in some degree, each is separate and distinct from the other. The latter is a special proceeding within an action, but no part of the action proper. It requires a separate pleading and the hearing of additional evidence which is foreign to the record of the parent case.

Was the plaintiff aggrieved by the verdict and the jury's special finding? He was not aggrieved in the trial court at least, because the general verdict was in plaintiff's favor; and even though the special verdicts were thereafter found by this court to be inconsistent with the general finding, the trial court did not so find but entered judgment on the verdict—all of which was in plaintiff's favor. Plaintiff was then not aggrieved by the verdict and the judgment entered thereon. But when this court reversed the judgment, it found that

the special verdicts must and did control over the general verdict, and it was thereupon ordered that judgment be entered in defendant's favor notwithstanding the general verdict. It was also found that the trial court erred in failing to direct a verdict upon defendant's request during trial and before submission of the case to the jury.

When it became apparent in the Court of Appeals that the general verdict was not in accord with the special findings and not favorably responsive to plaintiff's conception of the evidence of the case, plaintiff became aggrieved by the "final judgment" of the court. Although the judgment of the trial court was final, as we know it, for the purpose of an appeal being perfected therefrom, the judgment of this court, which proceeded to enter the judgment which the trial court should have entered, was in fact the "final judgment" contemplated in Section 11580, General Code. In as much as the Supreme Court refused certification, the judgment of this court was final and conclusive in the parent case. It ended the controversy. We therefore hold that plaintiff was an aggrieved party.

It appearing from the transcript that this proceeding was instituted within the trial court's second term, thereafter, and within one year from the date of this court's judgment, the proceeding was instituted within the time prescribed by Section 11580.

It is said that plaintiff's pleading is defective in that it did not aver facts sufficient to establish the exercising of due diligence. We think it adequate. To our notion such an objection might with propriety have been directed to the proof offered but not to the pleading.

It is also claimed that the pleadings should have been filed in this court and not in the trial court. This court has no jurisdiction to entertain such an applica-

tion and to hear evidence in support thereof, even though it has judisdiction in certain cases to remand a cause for new trial. Constitutional provisions prescribe this court's jurisdiction, while that of the Common Pleas Court rests upon statute, and the statutes under consideration confer that power upon the trial courts and not courts of review.

Sections 12223-40 and 12223-41 are claimed to have a bearing on the matter in issue. We do not so find. They limit the trial court's action in respect to judgments entered by a reviewing court on appeal. These two sections have no bearing on a special proceeding like the one herein at least and until a reviewing court disposes of such an appeal and sends back a special mandate to the trial court.

The first reason for affirmance found by this court in *State, ex rel. Skelmuth,* v. *Johns,* 10 Ohio Law Abs., 392, should be and is disavowed. The judgment complained of is affirmed.

*Judgment affirmed.*

LEMERT, P. J., and MONTGOMERY, J., concur.