See also 247 S.W.2d 496.

**GRAY et al. v. SAWYER et al.**

Court of Appeals of Kentucky.

Oct. 10, 1952.

Rehearing Denied Nov. 21, 1952.

Wallace & Hopson, Finley F. Gibson, Jr., Louisville, for appellants.

J. Leonard Walker, Lawrence S. Grauman, Louisville, for appellees.

SIMS, Justice.

The question to be determined on this appeal is, when does a judgment become final for the purpose of filing a suit for a new trial under § 344 or § 518 of the Civil Code of Practice? The first mentioned section reads:

"If grounds for a new trial be discovered after the term at which the verdict or decision is rendered, the application may be made by a petition filed with the clerk not later than the second term after the discovery * * *. But no such application shall be made more than three years after the final judgment was rendered; * * *."

The judgment in the original action was entered in the Jefferson Circuit Court on Feb. 27, 1948. That judgment was affirmed in this court on Oct. 31, 1950, 236 S.W.2d 460, and the mandate was issued on Feb. 26, 1951, and immediately entered in the Jefferson Circuit Court. The instant action for a new trial was filed in that court on Feb. 24, 1952, under §§ 344 and 518 of the Civil Code of Practice on the ground of newly discovered evidence. The trial judge sustained a general demurrer to the petition as amended because it showed it was not filed within three years from the date of the entry of the final judgment in the Jefferson Circuit Court in the original action.

Relying upon § 344, that grounds for a new trial discovered after the term shall be filed not later than the second term after their discovery, "But not such application shall be made more than three years after the final judgment was rendered", it is urged by appellants that the judgment referred to in § 344 does not become final until this court has affirmed same. Appellees insist that the "final judgment" referred to in § 344 is the final judgment in the circuit court from which an appeal may be prosecuted.

Appellants say this court has never construed § 344 as to when a judgment is final for the purpose of filing a petition for a new trial. However, they insist that other courts have passed on the question and cite us such cases as Dignowity v. Fly, 110 Tex. 613, 210 S.W. 505; Northwestern Wisconsin Electric Co. v. Public Service Commission, 248 Wis. 479, 22 N.W.2d 472, 23 N.W.2d 459; Green v. State, 170 Md. 134, 183 A. 526; Williams v. Waxahachie Nat. Bank, Tex.Civ.App., 51 S.W.2d 1073; Townley v. A. C. Miller Co., 70 Ohio App. 219, 45 N.E. 2d 786. In addition to these cases appellants cite annotations in 28 A.L.R. p. 1029; and 3 Am.Jur. "Appeal and Error", §§ 522 and 527, pp. 190–191. These cases and texts cited by appellants are not in point. They all deal with "final judgment" but not with that term as used in our § 344, which refers to a final judgment in the circuit court.

Appellees rely upon such authorities as Faulkner v. Faulkner, 270 Ky. 693, 110 S. W.2d 465; Viall v. Coulton, 288 Ky. 690, 157 S.W.2d 302; Lilly v. O'Brien, 224 Ky. 474, 6 S.W.2d 715; Union Gas & Oil Co. v. Wright, 225 Ky. 1, 7 S.W.2d 248, and Anshutz v. Louisville Ry. Co., 152 Ky. 741, 154 S.W. 13, 45 L.R.A.,N.S., 87. Likewise, a close reading of these cases reveals they are not directly in point. But the Anshutz case implies that a suit for a new trial on the ground of newly discovered evidence may be filed while an appeal is pending in this court, but it must be filed within three years from the entry of the final judgment in the circuit court.

What convinces us that the "final judgment" referred to in § 344 means the final judgment in the circuit court, is that new trials are not favored by courts and it is important that litigation be brought to an end. Affirmance of a judgment obviously does not make it less than final. It confirms finality. If we should follow appellants' line of reasoning and hold that the "final judgment" as used in Sec. 344 refers to the affirmance of the judgment in this court, then there would be no finality to our decisions and a litigant would have three years after the mandate issued from this court affirming a judgment to file suit for a new trial on the ground of newly discovered evidence.

It is our opinion that the General Assembly in limiting the filing of an application for a new trial under Sec. 344 to not more than three years "after the final judgment was rendered" meant after the judgment in the trial court becomes final and from which an appeal may be prosecuted to this court. The trial judge so construed Sec. 344 and correctly sustained a general demurrer to the petition for a new trial because it showed it was filed more than three years after the final judgment was entered in the circuit court.

The judgment is affirmed.