BUTTERFIELD v. WALSH *et al.*

25  263
121  610

1 Action of right: NEW TRIAL AFTER APPEAL TO SUPREME COURT. Where the judgment of the District Court in an action of right is appealed from to the Supreme Court, where the judgment is reversed and the cause remanded to the District Court for judgment, such judgment when entered is as essentially a judgment of the District Court as if no appeal had been taken, and the unsuccessful party is as fully entitled to the benefit of sections 3582, *et seq.*, of the Revision, giving him the right to apply to the District Court for a new trial, at any time within two years after the rendition of the judgment.

2. —— NEW TRIAL WHERE DEFENSE IS EQUITABLE. The unsuccessful party in an action of right is entitled to the benefit of the provisions of the statute relating to new trials in such cases, as well where the defense is equitable in its nature, as where it is legal.

*Appeal from Dubuque District Court.*

THURSDAY, JULY 2.

EJECTMENT: NEW TRIAL AFTER APPEAL, ETC. — This was an action of ejectment. Defendants filed an equitable answer, which on trial in the District Court was sustained, and the plaintiff appealed to the Supreme Court. This latter court, at the June Term, 1866, reversed the decision of the District Court, and remanded the cause for judgment accordingly. 21 Iowa, 97. At March Term, 1867, judgment was entered, in obedience to the writ of *procedendo*, in favor of the plaintiff. In June following, defendants filed in the District Court their application for a new trial of the cause, based upon the authority claimed to be given by the Revision, sections 3582-3-4.

This application was founded, in part, upon a title alleged to have been acquired by virtue of a tax deed, during the pendency of the cause on the former appeal, and in part upon newly discovered evidence.

To this application the plaintiffs filed an answer and cross-bill, so styled, asking, for the reasons stated, that the tax sale and deed be decreed to be null and void.

The District Court, as stated in the bill of exceptions, "being of opinion that the original cause had, by the equitable issues made therein, become a cause in equity, and having been appealed to the Supreme Court and finally determined, and having been remanded to this court for no purpose, except to render judgment in accordance with the decision of the Supreme Court, the District Court was divested of jurisdiction of the original cause and could not entertain an application for a new trial, and the said application and cross-bill of plaintiff were thereupon ordered to be dismissed for want of jurisdiction." Both parties now appeal. The defendants appeal from the order dismissing their application for a new trial, and the plaintiff from the order dismissing his cross-bill founded upon the first section of the defendants' petition for a new trial.

*B. W. Poor* for the plaintiff.

*Monroe & Deery* for the defendants.

DILLON, Ch. J. — When the cause was remanded and judgment entered in the District Court for the plaintiff,

1. ACTION OF RIGHT: new trial after appeal to Supreme Court.

it was the same as if such judgment had been therein entered and no appeal had been taken. It was simply a judgment for the plaintiff. In such a case sections 3582 to 3588 of the Revision apply, giving the unsuccessful party the right to apply to the District Court for a new trial. See also Rev. §§ 3112, *et seq.;* also chap. 141. In an action of this kind, the statute gives two years from the determination of the former trial in which to apply for the new trial. Rev. § 3584.

Butterfield v. Walsh.

It is claimed by the plaintiff that the District Court was, by the former appeal, divested of all jurisdiction over the case, and hence had no right to entertain the petition or application for a new trial. Our opinion is above indicated. When the cause thus appealed was decided by the Supreme Court, and remanded to the District Court to enter judgment for the plaintiff, its jurisdiction over the cause was restored. It is true it must obey the direction of this court, and enter judgment as ordered. When it did so the case was at an end. But the statute gives the right to apply for a new trial. The present application was accordingly made. It was properly made to the District Court. After the final decision of the cause in this court, and after judgment had been entered by the District Court as directed, the defendants could not apply to this court, if indeed they could at any time, for a new trial.

If they could not in such case apply to the District Court, the statute giving the right to make such application would be rendered nugatory.

As before remarked, the application for a new trial was founded upon the statute, and particularly upon sections 3582 *et seq.* The plaintiff claims that these sections only apply to actions at law tried under chapter 144. The correct view is this: the action was commenced at law. The defendant, by the statute, had the right to file an equitable answer. The plaintiff's action was still one for the recovery of real property, and he recovered accordingly.

2. —— new trial where defense is equitable.

We see no reason why the failing party may not be entitled to the benefits of the provisions respecting new trials as well where his defense is equitable in its nature as where it is legal.

It is our opinion that the District Court erred in holding that it had no jurisdiction of the application for a

new trial. Its judgment is accordingly reversed, and the cause remanded with directions that it proceed to determine the said application. This will result also in the restoration of the so styled cross-bill of the plaintiff.

Reversed.