OLIVE L. DANIELS et al., Appellees, v. PHOEBE BUTLER et al., Appellees, and ERNEST LEWIS, Appellant.

**PLEADING:  Form and Allegation—Allegation Governs Effect—Misnomer.**  A pleading will be given effect according to its allega-

tions, not according to the particular name which the pleader sees
fit to apply thereto. "Motion" for new trial properly treated as
"petition" for new trial.

NEW TRIAL:  Proceeding to Procure—Petition After Reversal—
2  Equity Cause.  An appellee, who suffers a reversal in the Supreme
Court in an equity case, may, upon entry of judgment against him
in the lower court under *procedendo*, be granted a new trial under
proper petition therefor.  (Sec. 4092, Code, 1897.)    A petition
filed on the day when such latter judgment is entered is especially
timely.

NEW TRIAL:  Discretion of Court—Action for Recovery of Real
3  Property.  The appellate court, always reluctant to set aside an
order granting a new trial, is especially so *when the action is for
the recovery of real property*.  (Sec. 4205, Code, 1897.)

*Appeal from Taylor District Court.*—THOMAS L. MAXWELL,
Judge.

TUESDAY, JANUARY 18, 1916.

REHEARING DENIED FRIDAY, APRIL 7, 1916.

APPEAL from an order granting a new trial of this case.—
*Affirmed.*

*Parker, Parrish & Miller, McCoun & Brant* and *G. B.
Haddock,* for appellant.

*Frank Wisdom, W. M. Jackson,* and *Crum, Jaqua &
Crum,* for appellees.

PER CURIAM.—I.  This is a motion or petition for a new
trial of an equitable action for the partition of real estate,
which action, upon its original trial in the district court,
resulted in a decree finding against the
defendant, Lewis, upon his cross-petition, in
which he asserted title to all the real estate
in controversy.  Lewis appealed to this court,
and the decree rendered by the trial court
was reversed, in so far as Lewis' cross-petition was involved,

1. PLEADING:
form and alle-
gation: allega-
tion governs
effect: misno-
mer.

and the cause was remanded to the district court for proceedings in harmony with that opinion. See *Daniels v. Butler,* 169 Iowa 65. Pursuant to these directions, a decree was entered in the district court on March 5, 1915. On the same day, the parties plaintiff, and all the defendants save Ernest Lewis, filed what they called a motion to vacate the judgment in part and for à new trial. They did not attach any affidavits thereto, and their prayer was that the part of the final decree finding in Lewis' favor on his cross-petition be vacated, and that a new trial be ordered on the issues tendered by his cross-petition. Lewis moved to strike this motion to vacate on many grounds: chiefly because it was not filed in time; because no such motion will lie in an equity case; and for the further reason that no new trial can be granted after a decree is ordered by this court. This motion to strike the motion was overruled by the district court, largely upon the theory that it made little difference what the original movant called his pleading; that, in his opinion, enough was stated in the pleading to make it a petition for a new trial; that he would so treat it, and he directed that the matter be heard upon testimony taken in open court. The case then went to trial, the allegations of the motion or petition being denied by operation of law, resulting in an order awarding a new trial of the main action, and the appeal is from this order.

As the appellees were successful in the court below, they had no occasion to present a motion for a new trial or a petition to vacate the original decree and judgment. Indeed, the district court, in such a situation, would not have entertained such a pleading. These appellees were not compelled to act until a decree was entered in the district court against them, and, when that was done, they on the same day filed their application to vacate the final decree and judgment. Surely their action was timely.

2. NEW TRIAL: proceeding to procure: petition after reversal: equity cause.

That a new trial may be had in the lower court either after an affirmance or reversal here is well settled by the

authorities. See *Adams County v. B. & M. R. Co.,* 44 Iowa 335; *Chicago, Milwaukee & St. P. R. Co. v. Hemenway,* 134 Iowa 523, 525; *Chambliss v. Hass,* 125 Iowa 484; *Butterfield v. Walsh,* 25 Iowa 263; *White v. Poorman,* 24 Iowa 108.

It matters not, so far as this question is concerned, whether the action be at law or in equity. For a decree in an equity case may be set aside and a new trial given upon proper grounds, to the same extent, and with like effect, as a judgment at law may be. This is settled by the authorities cited. Whilst the pleading was denominated a motion, it had all the allegations essential to a petition for a new trial, and the trial court was justified in treating it as a petition and hearing it as such. Had the motion to strike it been sustained, because a motion is not proper in such circumstances, a somewhat different question would have been presented. As the court announced, it would be treated as a petition and tried accordingly, and as the parties did so treat it, it was not necessary that the movant give the paper another name by amendment or otherwise.

II. On the merits, we feel that little should be said at this stage of the proceedings. Such a motion or petition is addressed to the sound discretion of the trial court, and we are less disposed to interfere when the application is sustained than when it is denied. In the former instance, a new trial is had and the matter heard upon its merits upon all the testimony; while in the latter, the case is at an end. The cross-petition tendered by defendant Lewis raised a direct issue as to the title to the land in controversy, and even a greater latitude is allowed in such cases than in ordinary actions. Indeed, in actions to recover real property proper, the trial court, in its discretion, may grant a new trial upon an application made within one year, and upon other grounds than those necessary to secure it generally. Sec. 4205, Code, 1897. With these rules in mind, we have carefully examined the record, and are satisfied that the trial court did not abuse its discretion in granting a new trial of the

*3. NEW TRIAL: discretion of court: action for recovery of real property.*

case.  This memorandum opinion is now filed for the purpose
of expediting the final trial of a case which has been pending
for many years.  The order, therefore, is—*Affirmed*.

EVANS, C. J., DEEMER, WEAVER and PRESTON, JJ., concur.