Allen, J.
 

 The petition for new trial alleges the following:
 

 “This plaintiff further says that during the trial of the above lawsuit, after argument, and after the charge of the court the jury then deliberated upon its case. Plaintiff further says that while the jury were deliberating that the jury were undecided as to a point of law involved in the above case. Plaintiff further says that while they were so deliberating and before they had agreed upon a verdict they requested the court bailiff to conduct them to the trial room and before the trial judge for further instructions. Plaintiff further says that this jury was so conducted to the trial judge and further instructions upon a point of law were given by the trial judge in court
 
 *485
 
 room 10 of the Court of Common Pleas, County of Cuyahoga and State of Ohio.
 

 “The plaintiff further says that when the jury came back for further instructions neither she nor her counsel were notified nor was there an attempt on the part of the court officials to so notify this plaintiff or her counsel; that there is no record of these further instructions being given in the bill of exceptions which was prepared in the above case.”
 

 The petition further states:
 

 “Plaintiff further says this fact that the jury did come back for further instructions was not brought to her attention until after the motion for new trial had been denied, and was not discovered by her and could not have been discovered with reasonable diligence during the June term of said court, A. D. 1928, thus the plaintiff was prevented from having a fair trial due to the irregularity of proceedings of the Court as above mentioned.”
 

 Testimony was taken in the court of common pleas upon the question as to whether the jury was given additional instructions by the trial court in the absence of counsel. A deputy clerk of the court of common pleas testified that the jury in the case was brought in in the absence of counsel; that one of the jurors asked the judge for further instructions as to “what happens if one party is more negligent than the other?” When questioned whether the trial court said “that maybe might apply in marine law,” this witness stated, “Yes; about one being more negligent than the other. I don’t just remember exactly what he said, but he spoke to them.” The jury shortly thereafter returned a verdict for the defendant.' Testimony to the same general effect
 
 *486
 
 was given by a juror in the case, who said that the judge repeated the part of the charge relative to contributory negligence. The trial judge had no recollection upon the subject. It was conceded that none of counsel were present, that none of counsel were notified, and that the stenographer was not present when the additional instructions were given. Hence, no record of these oral proceedings was taken.
 

 The plaintiff in error urges (1) that due diligence on the part of plaintiff below in discovering the acts which she claims were prejudicial was not shown, and (2) that, even though the trial court in the original case may have reinstructed the jury in the absence of counsel, this was entirely proper on the part of the trial court.
 

 Section 11580, General Code, reads as follows: “When, with reasonable diligence, the grounds for a new trial could not be discovered before, but are discovered after the term at which the verdict, report, or decision was rendered or made, the application may be by petition, filed not later than the second term after the discovery, nor more than one year after final judgment was rendered, on which a summons must issue, be returnable and served, or publication made, as in other cases.”
 

 The application in this case was filed not later than the second term after the discovery of the irregularity complained of.
 

 Section 11576, General Code, reads:
 

 “A former verdict, report, or decision, shall be vacated, and a new trial granted by the trial court on the application of a party aggrieved, for any of
 
 *487
 
 the following causes affecting materially his substantial rights:
 

 “1. Irregularity in the proceedings of the court, jury, referee, master, or prevailing party, or any order of the court or referee, or abuse of discretion, by which he was prevented from having a fair trial;
 

 “2. Misconduct of the jury or prevailing party;
 

 “3. Accident or surprise which ordinary prudence could not have guarded against ;
 

 “4. Excessive damages, appearing to have been given under the influence of passion or prejudice ;
 

 “5. When the action is upon a contract or for the injury or detention of property, error in the amount of recovery, whether too large or too small;
 

 “6. That the verdict, report, or decision is not sustained by sufficient evidence, or is contrary to law;
 

 “7. Newly discovered evidence, material for the party applying, which with reasonable diligence he could not have discovered and produced at the trial;
 

 “8. Error of law occurring at the trial and excepted to by the party making the application.”
 

 Section 11578, General Code, reads as follows:
 

 “The application for a new trial must be made at the term the verdict, report, or decision is rendered, except for the cause of newly discovered evidence, material for the party applying, which he could not with reasonable diligence discover and produce at the trial. The application must be made within three days after the verdict or decision is rendered, unless he is unavoidably prevented from filing it within such time.”
 

 Plaintiff in error argues that Section 11580 was intended to apply to cases of newly discovered evidence after term, and where a party would be barred
 
 *488
 
 of relief excepting for the statute. He reads Section 11580 with Section 11578, and urges that Section 11578 applies to all cases except those in which newly discovered evidence is concerned. He then states that Section 11580 declares the procedure in the latter type of cases and thus endeavors to impose the strict limitations of cases of newly discovered evidence upon this application for a new trial. While it is true that the plaintiff below had to establish her right to a new trial by adducing evidence newly discovered, this evidence did not relate to the original cause of action. It related to the claimed irregularity in the proceedings of the court. We do not agree with plaintiff in error’s contention. Section 11580 is not limited to cases of newly discovered evidence as defined in Section 11576, nor limited in its application by the rules applicable to such cases. It covers all causes of new trial arising under the Code.
 

 It is conceded that the fact of the reinstruction of the jury was never brought to the attention of the plaintiff until after the motion for new trial had been denied, and until the June term of court had expired. It is further conceded that the plaintiff exercised due diligence after discovery of the irregularity, but it is claimed that the grounds for new trial could have been discovered within the term, and that due diligence was then not exercised. However, the ascertainment of this irregularity, if such it was, is plainly distinguishable from the ascertainment of the existence of newly discovered evidence material for the party applying. Section 11576, paragraph 7, G-eneral Code.
 

 An attorney is obligated at all times to exert the most careful effort to secure every shred of evidence
 
 *489
 
 bearing upon Ms case. Hence an application for new trial upon the ground of newly discovered evidence is sharply scrutinized from the standpoint of diligence of counsel. However, the presumption of regularity, which not only as a matter of law but as a matter of practice attends the acts of a court, prevents an attorney from questioning attaches of the court to discover whether some latent irregularity exists, arising out of the actions of the court during the absence of counsel. As a result of this presumption, due diligence in the ascertainment of error arising out of the irregularity of court proceedings is diligence after discovery of the irregularity. Due diligence was shown in this case, and the objection of the plaintiff in error upon this point is overruled.
 

 "We proceed to consider the more difficult question as to whether reinstruction upon a point of law in the absence of and without notice to counsel constitutes reversible error.
 

 Section 11452, General Code, reads: “After the jurors retire to deliberate, if they disagree as to the testimony, or desire to be further informed on the law of the case, they may request the officer in charge to conduct them to the court, which shall give the information sought upon matters of law, and also, in the presence of or after notice to the parties or their counsel, may state its recollection of the testimony upon a disputed point.”
 

 It is in brief the argument of the plaintiff in error that the specific phrasing of this section requires the presence of and notice to counsel only when the court states its recollection of the testimony upon a disputed point, and not when information is given upon matters of law. We recognize that such a con
 
 *490
 
 struction of the statute is grammatically, possible, but we do not agree with plaintiff in error that this is the proper construction. So to construe the statute in the instant case deprives the litigant of his right to make a record for review and of his right to except to the rulings of the court, and thus is highly inconsistent with the Constitution and with the statutes dealing with the subject of review.
 

 Article I, Section 16, of the Ohio Constitution, provides that “all courts shall be open and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay.” Remedy by due course of law certainly includes the right to make a record.
 

 Sections 1551, 1552, 1553 and 1554, General Code, provide for transcripts of testimony, if the court, either party to the suit, or his attorney, requests transcripts of all or any portion of stenographic notes of a trial in longhand. Section 1548 provides that upon the trial of a case, if either party to the suit requests the services of a shorthand reporter, the trial court shall grant the request, in which case such shorthand reporter shall cause accurate shorthand notes of the oral testimony or other oral proceedings to be taken. Elaborate provisions are made in the Code for the making of a bill of exceptions. Section 11559
 
 et seq.,
 
 General Code. If part of the oral proceedings at the trial have been omitted from the bill of exceptions, and the trial court refuses to include them in the bill, mandamus will lie to compel the trial court to correct such bill.
 
 Beebe, Judge,
 
 v.
 
 State, ex rel. Starr Piano Co.,
 
 106 Ohio St., 75, 139 N. E., 156;
 
 Konigsberg
 
 v.
 
 Lamports Co.,
 
 116 Ohio
 
 *491
 
 St., 640, 157 N. E., 477. These provisions illustrate the general intent of the Legislature that litigants shall be entitled to make up a true and accurate account of the proceedings at a trial, to be used upon review.
 

 The effect of the construction contended for by the plaintiff in error could not be more emphatically shown than in the instant case. The court of common pleas of Cuyahoga county, unlike trial courts in other counties in this state, does not have a court stenographer charged with making transcripts of testimony. The parties themselves hire their own stenographers, or share the expense of a record. In this instance a record of the testimony and of the general charge of the court was made, but since no notice was given to either counsel of the request by the jury for additional instructions upon the subject of contributory negligence, and neither counsel had a stenographer present when the additional instructions were given, it is impossible from the record to reconstruct the additional charge or to examine into the question as to whether it was correct or incorrect. Moreover, the testimony taken upon the application for new trial indicates that the additional instruction given by the court in the absence of counsel was upon a vital point in the case.
 

 Decisions of the lower courts are cited contra to this holding. On the other hand,
 
 Campbell
 
 v.
 
 Beckett,
 
 8 Ohio St., 210, supports this conclusion. The syllabus reads: “It is error for a judge, during a recess of his court, in the absence of the party and his counsel, and without notice to them, to give instructions to the jury to whom the case has been submitted.”
 

 Crusen
 
 v.
 
 State,
 
 10 Ohio St., 258, holds in the third
 
 *492
 
 paragraph of the syllabus: “Where, on such a trial, the jury have retired to consider of their verdict, and the court being about to take a 'recess for dinner, announces in open court and in the hearing of the accused (who is at large on bail), and his counsel, that in case the jury shall agree on a verdict during the recess, the court-house bell will be rung, and that the court will, on that signal, convene and receive the verdict; and on the occurrence of such contingency and the giving of such signal the court does convene, inquires for the counsel of the accused, and waits for them over twenty minutes, it is not error to receive the verdict in the presence of the accused, and in the absence of his counsel.”
 

 In above case the accused and his counsel had definite notice as to the signal which was to be given if the jury should agree upon a verdict. The signal was to be the ringing of the courthouse bell, the usual signal at that time, 1859, in country villages. This decision specifically emphasizes the giving of notice, and holds that it was not error for the court, after giving due notice, to proceed to receive the verdict in the absence of counsel for the accused. We comment upon this case because it is cited in
 
 Preston
 
 v.
 
 Bowers,
 
 13 Ohio St., 1, 82 Am. Dec., 430. The
 
 Preston case
 
 held as follows in the third paragraph of the syllabus: “The jury having retired to consider of their verdict, and afterward coming into court, during its regular session in the day time, and asking further instructions, and parties and their counsel being loudly called at the door, it is not error for the court further to instruct the jury in the absence of a party or his counsel.”
 

 The court simply stated that, under the circum
 
 *493
 
 stances disclosed in the bill of exceptions, there was no impropriety and no error in the court instructing the jury in the absence of counsel, and cited
 
 Grusen
 
 v. State,
 
 supra.
 
 Evidently the court in the
 
 Preston case
 
 considered the calling at the door as constituting notice. This case was adjudicated in 1861. Holdings in other states are in conflict upon this point. 38 Cyc., 1864, 1865.
 

 These Ohio decisions seem to us authority for the proposition that reasonable notice must be given to counsel when the court proceeds to receive a verdict or to reinstruct the jury upon a point of law. Reasonable notice in 1861 in a country village could hardly be considered notice in Cleveland, Cuyahoga county, in 1930. In 1861, in a country village, calling at the door and waiting twenty minutes would communicate notice to any attorney in attendance upon the trial. In a rural county seat the same would be true today. In Cuyahoga county, calling at the door after separation, and after counsel have returned to their offices, does not constitute reasonable notice. Reasonable notice is given by telephone or other communication to the office of the attorney.
 

 Since the construction of Section 11452, General Code, as contended for, would necessitate depriving á party of his right to make a complete record in every case where the court might charge the jury without notifying counsel, and would to that extent deprive him of his constitutional right to a day in court, we agree with the reasoning of the Court of Appeals. The limitation upon the power of the court which requires that instructions be given in the presence of or after notice to the parties or their counsel applies to all instructions, whether dealing with the
 
 *494
 
 court’s recollection of the testimony upon a disputed point or information sought by the jury upon matters of law.
 

 Judgment affirmed.
 

 Marshall, C. J., Jones, Matthias, Day, Kinkade and Robinson, JJ., concur.