Bettman, J.
 

 This case involves technical, though important, rules of Ohio procedure. Appellant’s five assignments of error present three questions for determination, not heretofore adjudicated by this court:
 

 Where the Court of Appeals has reversed a judgment of the Court of Common Pleas entered on a general verdict for the plaintiff, has held this judgment for naught, has entered the judgment which the trial court should have entered dismissing plaintiff’s petition, and has sent a special mandate to the lower court to carry this judgment into effect, has the trial court jurisdiction thereafter to entertain a petition of the plaintiff to vacate the original verdict and grant a new trial after term on the ground of newly discovered evidence ?
 

 Where the jury returns a general verdict for the plaintiff accompanied by special findings upon which judgment is entered in favor of the plaintiff, but on appeal the special findings are held to control and to disentitle the plaintiff to relief, and judgment is eutered for the defendant, is plaintiff a “party aggrieved” within the intendment of Section 11576, General Code?
 

 
 *157
 
 Has the plaintiff filed his petition for a new trial after term within the time limitation prescribed by Section 11580, General Code, when he files his application more than a year after the original judgment of the trial court in his favor, but within less than a year • after the Court of Appeals has reversed the trial court and entered judgment for the defendant?
 

 I. Throughout this litigation it has been a matter in dispute between the parties whether this pétition for a new trial after term has been, or must be, brought under Sections 11576 and 11580, General Code, or under Section 11631. These sections are in part as follows:
 

 Section 11576.
 
 “A former verdict, report, or decision, shall be vacated, and a new trial granted by the trial court on the application of a party aggrieved, for any of the following causes affecting materially his substantial rights: * * *
 

 “7. Newly discovered evidence, material for the party applying, which with reasonable diligence he could not have discovered and produced at the trial.”
 

 Section 11580.
 
 “When with reasonable diligence, the grounds for a new trial could not be discovered before, but are discovered after the term at which the verdict, report, or decision was rendered or made, the application may be by petition, filed not later than * * * one year after final judgment was rendered, on which a summons must issue, be returnable and served, or publication made, as in other cases.”
 

 Section 11631.
 
 “The Common Pleas Court or the Court of Appeals may vacate or modify its own judgment or order, after the term at which it was made:
 

 “1. By granting a new trial of the cause, within the time and in the manner provided in Section 11580. #
 
 #
 
 # 5 >
 

 Counsel for the defendant contend that the only judgment in the case is that of the Court of Appeals,
 
 *158
 
 which reversed and held for naught the judgment of the trial court and which was itself the judgment which the trial court should have entered dismissing the petition. Since application for vacation of a former judgment must ordinarily be made to the court which rendered that judgment, defendant argues that plaintiff’s only remedy is to go to the Court of Appeals and ask it to vacate its own judgment by granting a new trial under Section 11631, maintaining that the Common Pleas Court has no jurisdiction under Section 11576
 
 et seq.
 
 to overturn the judgment of a superior court.
 

 Plaintiff, on the other hand, insists that what he sought from the Court of Common Pleas was the vacation, not of a
 
 judgment
 
 under Section 11631, but of a
 
 verdict
 
 under Section 11576, and that there is therefore no occasion to consider the alleged jurisdictional difficulty resulting from the fact that under Section 11631 the Court of Common Pleas and the Court of Appeals are each given power to set aside only “its own judgment or order.” Although the prayer of plaintiff’s amended petition was that “the verdict returned by the jurors in said cause No. 12648 and the report of the jurors of their special findings, Nos. 1 and 5 returned into court with said verdict and the
 
 judgment
 
 based upon the report of such special findings be vacated and set aside” (italics ours), the journal entry of the trial court provides only “that the verdict * * * be * * * vacated,” with no mention of the judgment. Since it is the propriety of this order which is here being challenged, we believe that the plaintiff is correct in his contention that the only question at issue is whether the trial court had jurisdiction to enter such an order vacating a verdict and granting a new trial in the circumstances presented.
 

 Defendant’s thesis is that, in order to harmonize the somewhat overlapping procedures prescribed by Section 11576
 
 et seq.,
 
 and by Section 11631, these sections must be read together as imposing two limita
 
 *159
 
 tions on the power granted to the trial court to vacate a verdict and grant a new trial: first, ‘ ‘ during term a trial court has the power to vacate a former verdict on the ground of newly discovered evidence, which with reasonable diligence could not be discovered and produced at the trial, while after judgment has been rendered on a verdict, and the term has expired, the trial court can only set aside its own judgment on the ground of newly discovered evidence discovered after term, which with reasonable diligence could not have been discovered before” (defendant’s brief); and, second, that the trial court loses jurisdiction to vacate a verdict once the judgment rendered on this verdict has been reversed and held for naught on appeal, and a contrary final judgment entered.
 

 As- for the first limitation, we believe this interpretation deprives Section 11580 of its direct meaning. “The application” which Section 11580 authorizes to be made after term refers, we believe, to the application which is the subject-matter of this series of sections in the General Code, namely, the application to have a verdict vacated and a new trial granted as provided in Section 11576. The remedies of vacating a
 
 verdict
 
 under Section 11580, and vacating a
 
 judgment
 
 under Section 11631 are quite distinct, and the latter should not be read as qualifying the former out of existence.
 

 Defendant’s second point, that the' reversal on appeal and the entry of a contrary final judgment, terminates the right to apply to the .trial court to have it vacate a verdict and grant a new trial after term, raises more serious considerations. On its face this right as granted in Section 11576 is absolute. There are no provisions of the General Code which expressly condition its continuance on the disposition of the judgment of the trial court on appeal, whether this disposition be an affirmance, a reversal with a remand, or, as in the case at bar, a reversal and entry by the
 
 *160
 
 appellate court of tlie judgment that should have been entered below.
 

 It is to be noted that the express specification in Section 11576 that the new trial shall be granted “by .the trial court” is peculiar to our Ohio statute. Provisions virtually identical with Section 11576, except for the absence of this one phrase, are comparatively common in other states, and date back to the original adoption of codes of civil procedure. See Code of Iowa (1939), Section 11550; General Statutes of Kansas (1935), Section 60-3001; Compiled Statutes of Nebraska, Section 20-1142; 12 Oklahoma Ann. Stat., Section 651; 2 Remington’s Rev. Stat. of Washington, Section 399. In fact this specification of the court that is to grant the new trial, did not appear in the Ohio statute from the time of its original enactment in 1853 (51 Ohio Laws, 57, Section 297) until 1910, when it was added as a part of the general statutory revision accompanying the adoption of the General Code. This insertion of the phrase “by the trial court” indicates, we believe, that the Legislature had a clear idea of what court it desired to have charge of granting new trials.
 

 In spite of the great length of time that both Section 11576 and Section 11631, which was also first enacted in 1853 (51 Ohio Laws, 150), have been in force, this court seems never directly to have adjudicated the effect of appellate proceedings upon the continuance of the right to have a verdict vacated and a new trial granted by the trial court. In
 
 Krieger’s Cleaners & Dyers, Inc.,
 
 v.
 
 Benner,
 
 123 Ohio St., 482, 175 N. E., 857, this court affirmed the judgment of the Court of Appeals which had affirmed an order of the trial court vacating a verdict and granting a new trial at a time when the judgment in the parent case had already been affirmed on appeal.
 
 Benner
 
 v.
 
 Krieger’s Cleaners & Dyers, Inc.,
 
 38 Ohio App., 7, 18, 175 N. E., 867, 871. But the syllabus and the opinion of this court were
 
 *161
 
 there directed entirely to the adequacy of the grounds for the new trial, and no express mention was made of the propriety of the trial court’s granting a new trial after term when the original judgment had already been affirmed.
 

 The highest courts of other jurisdictions have passed on this problem, but their conclusions have been far from uniform. Some, including the Supreme Court of the United States, have construed substantially similar statutes as prescribing a procedure by which the trial court is empowered to vacate a verdict and grant a new trial at a time when an appeal from the judgment in the parent case is either pending or has already resulted in an affirmance.
 
 Fuller
 
 v.
 
 United States,
 
 182 U. S., 562, 45 L. Ed., 1230, 21 S. Ct., 871;
 
 Cook
 
 v.
 
 Smith,
 
 58 Iowa, 607, 12 N. W., 617;
 
 Chamblis, Admr.,
 
 v.
 
 Hass, Admr.,
 
 125 Iowa, 484, 101 N. W., 153, 68 L. R. A., 126. Defendant has sought to distinguish these cases on the ground that in all of them the appellate court had either not yet finally passed upon, or had affirmed the original judgment in the parent case, thus leaving the judgment still standing in the trial court, whereas in the case at bar the Court of Appeals reversed and held for naught the judgment below and itself rendered final judgment. But it may be noted that in none of the cases above cited did the court suggest that the result would have been otherwise had the appeal in the parent ease resulted in a reversal instead of an affirmance. In fact the Iowa Supreme Court has expressly held to the contrary — that a new trial may be directly sought in the trial court after the appellate court in the parent case has reversed and directed what decree should be entered.
 
 Daniels
 
 v.
 
 Butler,
 
 175 Iowa, 439, 155 N. W., 1013;
 
 Butterfield
 
 v.
 
 Walsh,
 
 25 Iowa, 263. It is true that these cases might be distinguished, since under the Iowa procedure the final judgment was not entered directly by the reviewing court, but by the trial court in accordance with the
 
 *162
 
 command of the reviewing court. But in our opinion, the jurisdiction of the trial court to grant a new trial should not he denied merely because the reviewing court is itself empowered to enter final judgment after reversal instead of having to command the trial court to do so. "Whether, under Section 12223-38, General Code, the Court of Appeals itself renders the judgment that the court below should have rendered, or adopts the alternative procedure of remanding the cause to the court below to render this judgment, we believe that the new judgment is substituted in the court below for the old judgment that has been held for naught, just as though the lower court had itself voluntarily vacated its own judgment and entered the new one.
 

 Scharbillig
 
 v.
 
 Dahl,
 
 211 Wis., 436, 248 N. W., 438, on its facts, if not on the controlling statutes, seems to be on all fours with the case at bar. The Wisconsin Supreme Court had previously held
 
 (Miller Saw-Trimmer Co.
 
 v.
 
 Cheshire,
 
 177 Wis., 354, 189 N. W., 465) that an
 
 affirmance
 
 in the parent case would not bar the trial court from entertaining an application for a new trial on the grounds of newly discovered evidence. In the
 
 Scharbillig case, supra,
 
 the Wisconsin court recognized that the trial court had jurisdiction to grant a new trial for newly discovered evidence even after the Supreme Court had
 
 reversed
 
 the judgment in the parent case and directed the entry of a contrary judgment. It was held, however, that under the particular circumstances there, the trial court had abused its discretion, though not exceeded its jurisdiction, in granting a new trial, because the plaintiff had pursued his appeal in the parent case at a time when he already knew of the newly discovered evidence. This same argument, that plaintiff by perfecting an appeal to an appellate court at a time when he already knew of the' new evidence has precluded himself by a conclusive election of remedies from seeking a new
 
 *163
 
 trial, was raised in the case at bar before it reached this court. It was made the basis of a specific assignment of error in the Court of Appeals, and there squarely decided against the defendant. But, despite the pertinence of the
 
 Scharbillig case, supra,
 
 and
 
 Kesting
 
 v.
 
 East Side Bank Co.,
 
 14 C. C. (N. S.), 529, 23 C. D., 77, affirmed without opinion,
 
 Kesting
 
 v.
 
 East Side Bank Co.,
 
 76 Ohio St., 591, 81 N. E., 1188, as authority in favor of the defendant, the point has not been raised here. Since the record as certified to us does not contain a transcript of evidence which would show that the plaintiff did know of the new evidence at the time he perfected his original appeal to this court in the parent case, and since no assignment of error thereon is made in this court, we do not pass on this question of conclusive election. But we believe that the
 
 Scharbillig case
 
 is authority recognizing the jurisdiction of the trial court to entertain an application for a new trial under circumstances virtually identical with those presented here.
 

 It is true that the procedure pursued by the plaintiff here, by which application for a new trial after term is made directly to the trial court after the appellate court has ordered a reversal in the parent case and directed the final judgment that shall be entered, is contrary to that permitted by the highest courts of Washington and Oklahoma under code provisions similar to ours. 2 Remington’s Rev. Stat. of Washington, Sections 399, 464 and 465; 12 Okla. Ann. Stat., Sections 651 and 655. In Washington a procedure has been judicially prescribed by which once an appeal has been taken in the parent case, a preliminary application must first be made to the appellate court for leave to petition the trial court for a new trial.
 
 Post
 
 v.
 
 City of Spokane,
 
 28 Wash., 701, 69 P., 371, 1104;
 
 In re Shilshole Ave.,
 
 101 Wash., 136, 172 P., 338;
 
 White
 
 v.
 
 Donini,
 
 173 Wash., 34, 21 P. (2d), 265. We have recognized a similar procedure in which,
 
 *164
 
 where an appeal was pending in the Conrt of Appeals, an application was first made to that court before the trial court proceeded to pass on a motion for a new trial.
 
 N. Y. Central Rd. Co.
 
 v.
 
 Francis,
 
 109 Ohio St., 481, 143 N. E., 187. Though such a procedure may be not only permissible, but highly desirable as well, we do not believe that under the language of Section 11576, General Code, conferring an unqualified right to have a new trial granted “by the trial court,” such a preliminary application to the appellate court should be made mandatory. In this connection it is again to be noted that the parallel of our Section 11576 in both the Washington and Oklahoma codes provides in general terms that a new trial may be granted, without going on to say, as does our Section 11576, that the granting shall be “by the trial court.” 2 Remington’s Rev. Stat. of Washington, Section 399; 12 Okla. Ann. Stat., Section 651.
 

 The Oklahoma Supreme Court has consistently taken the position that once the appellate court has reversed and directed the character of the judgment to be entered, the trial court no longer has jurisdiction to entertain a petition for a new trial for newly discovered evidence.
 
 Gilliland
 
 v.
 
 Bilby,
 
 53 Okla., 309, 156 P., 299,
 
 Day
 
 v.
 
 Ward,
 
 137 Okla., 62, 277 P., 935;
 
 Chandler
 
 v.
 
 McKeel, Judge,
 
 166 Okla., 254, 27 P. (2d), 353. Nor does that court seem to have recognized any procedure, such as that followed in Washington, for a new trial by making preliminary application to the reviewing court. We are unable to agree with the argument in support of this rule, in the
 
 Gilliland case, supra,
 
 at page 312 where the court says, “If the practice of filing a motion for new trial after a case has been reversed, with directions to enter judgment by the Supreme Court, were permitted, there would be no end of litigation.” True, it is important to have an end of litigation, but it is even more important that the end should be right. By his petition for a new trial on
 
 *165
 
 the ground of newly discovered evidence, the plaintiff is not seeking to relitigate something that has already been ruled upon; he rather is seeking a new adjudica tion on a different set of facts.
 

 It may be asked what becomes of the judgment of the Court of Appeals under a holding that, despite this judgment, the trial court has jurisdiction to vacate the verdict and grant a new trial under Sections 11576 and 11580, General Code. The facts of
 
 Krieger’s Cleaners & Dyers, Inc.,
 
 v.
 
 Benner, supra,
 
 show that this court inferentially there approved a procedure by which a trial court, acting under Section 11580, not only vacated a verdict and granted a new trial, but also expressly vacated the judgment in the parent case which had previously been affirmed on appeal. We are of the opinion that, even without any specific reference to any judgment which may have been predicated on the old verdict — whether this be a judgment of the trial court, or a judgment of an appellate court affirming, or, upon a reversal, substituting its own for that of the trial court — such a judgment must fall of its own weight when the verdict upon which it rests has been set aside. As the Supreme Court of California has said, “While the proceeding for new trial attacks the verdict or findings rather than the judgment, and is, in a sense, collateral to the judgment * * * it will, if successful, vacate the judgment, and that is, in fact, its ultimate purpose.”
 
 Bond
 
 v.
 
 United Railroads of San Francisco,
 
 169 Cal., 273, 276, 146 P., 688.
 

 We conclude that any conflict between the finality of the judgment which the Court of Appeals is empowered to render under Section 12223-38, General Code, and the power of a trial court to grant a new trial under Section 11576
 
 et seq.
 
 must be resolved by recognizing that the judgment is not final in the sense that it is immune from disturbance through the exercise by the trial court of its plenary power to vacate the verdict on which the judgment is founded. As the
 
 *166
 
 Supreme Court of the United States has said in applying statutes substantially similar to those of Ohio: “But the operation and effect of its [the appellate court’s] final judgment may be ultimately controlled by the disposition made by the court of original jurisdiction of an application for a new trial made in conformity with, a statute. If this be regarded as an anomalous rule of procedure in actions at law, it is sufficient to say that Congress, in its wisdom, and in order to promote the ends of justice, saw proper to prescribe it, and we know of no reason to question the authority it has exercised upon this subject.”
 
 Fuller
 
 v.
 
 United States,
 
 182 U. S., 562, 575, 45 L. Ed., 1230.
 

 It may be added that this court sees no reason to question the wisdom of the Legislature in prescribing the procedure herein validated. The trial judge who has already had all the witnesses, the parties and the exhibits before him at the first trial, is in far the best position to determine the importance and probable effect of any newly discovered evidence. We, therefore, do not hesitate to effectuate what we believe to be the legislative intent that the trial court shall by force of Section 11576, General Code, have plenary power to pass on applications for new trial, even though this necessitates recognizing that the trial court will thereby have the resultant power to disturb the finality of a judgment of a superior court.
 

 II. Defendant further contends that even if the trial court has jurisdiction of this proceeding, still the plaintiff has no standing to seek the relief afforded in Section 11576
 
 et seq.,
 
 since he is not a “party aggrieved.” It is urged that the language of Section 11576 requires that the applicant for a new trial be aggrieved by the proceedings of the trial court whose “verdict, report or decision” he is seeking to have vacated. It is then pointed out that in the case at bar the general verdict of the jury in the parent case was
 
 *167
 
 for, not against, the plaintiff, as was the judgment of the Court of Common Pleas entered on this verdict.
 

 We find nothing in the language of Section 11576 to compel the claimed construction. The words of the statute quite naturally lend themselves to the meaning that the applicant has standing as a “party aggrieved” if the last adjudication prior to his application, whether this adjudication be in the trial court or on appeal, is against him. Such an interpretation does not strain the language. At the same time it avoids imputing to the Legislature a failure to provide any relief by a new trial in the readily foreseeable situation here presented — where the applicant won in the trial court but met defeat on appeal. The plaintiff must therefore be held to be a “party aggrieved” within the meaning of the statute.
 

 III. Defendant’s final contention is that plaintiff must fail since he did not file his petition for a new trial within “one year after final judgment was rendered.” The Court of Common Pleas entered judgment in the parent suit on March 28, 1938; the Court of Appeals reversed and entered judgment for the defendant on December 13, 1938; plaintiff filed his petition for a new trial April 1, 1939. Defendant’s contention presents the question: Is the “final judgment” within a year of which under Section 11580 a new trial after term must be sought, the judgment of the trial court, or the judgment of the Court of Appeals reversing the trial court?
 

 Despite the age of Section 11580 (1853), this court has never been called upon to rule on the question here presented. Indeed the only relevant decision of any Ohio court which has been called to our attention involved an
 
 affirmance,
 
 and not, as here, a
 
 reversal. Varner
 
 v.
 
 Eppley, Admr.,
 
 30 N. P. (N. S.), 531. While the decisions in other jurisdictions are not uniform, the prevailing view is that the time for applying for a new trial does not commence to run until there has
 
 *168
 
 been some judgment adverse to the applicant. Hence where, as in the case at bar, the applicant won in the trial court but lost on appeal, the time does not start running until the rendition of the judgment of the appellate court.
 
 Daniels
 
 v.
 
 Butler,
 
 175 Iowa, 439, 155 N. W., 1013;
 
 Bond
 
 v.
 
 United Railroads of San Francisco,
 
 169 Cal., 273, 146 P., 688;
 
 Smith
 
 v.
 
 Goodman,
 
 100 Neb., 284, 159 N. W., 418.
 
 Contra, Gilliland
 
 v.
 
 Bilby, supra.
 

 The use of the phrase “final judgment” in Section 11580, instead of merely “judgment,” strongly suggests that reference was intended to the ultimate disposition of the issue between the parties. Furthermore, during the period in which there stands an unreversed judgment of the trial court in the plaintiff’s favor, and it is one with which he is apparently satisfied, he would have no interest in seeking a new trial. Nor would he even have a standing to ask for one. In the case at bar, until the Court of Appeals reversed, the verdict and judgment stood for the plaintiff. He was therefore not a “party aggrieved,” and the trial court could not entertain his application for a new trial.
 
 Daniels
 
 v.
 
 Butler, supra.
 
 The right conferred by Section 11580 to apply for a new trial after term at any time within a year after final judgment would indeed be an illusory one if the year, or any part of it, were held to have elapsed in an interval when the applicant had not only no occasion, but not even legal standing to exercise this right.
 

 We are therefore satisfied that the more persuasive arguments, as well as the apparent weight of authority, support the holding that where the appellate court reverses the judgment of the trial court and directs the substitution of a contrary judgment, the final judgment within a year of which the new trial must be sought under Section 11580 is that of the appellate court. The plaintiff here, having filed his petition for a new trial within a year of the judgment of reversal
 
 *169
 
 entered by the Court of Appeals, is held to have acted within the statutory time.
 

 Since we have determined that none of the defendant’s assignments of error is well taken, the judgment of the Court of Appeals should be affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Turner, Williams, Matthias, Hart and Zimmerman, JJ., concur.