TANCER, D. B. A. FRANK'S TAVERN, APPELLEE, *v.* BOARD OF LIQUOR CONTROL, APPELLANT.

(No. 4622—Decided October 29, 1953.)

*Mr. Nelson Lancione* and *Mr. Joseph N. Bernabei,* for appellee.

*Mr. C. William O'Neill,* attorney general, *Mr. Ralph N. Mahaffey* and *Mr. Robert B. Rady,* for appellant.

HORNBECK, J. The plaintiff Tancer styles himself appellant in this court and the Board of Liquor Con-

trol as appellee, but the proceedings are directed to an appeal (No. 4622) wherein Tancer was appellee and the Board of Liquor Control was appellant. Tancer seeks by his petition to vacate a judgment of this court entered in case No. 4622 on April 29, 1952.

A motion to certify the record was filed in the Supreme Court and denied, and a motion to dismiss the appeal filed as a matter of right was sustained on August 28, 1952. Among other questions urged here and in the Supreme Court was the claim that this court did not have jurisdiction to entertain the appeal because it was prosecuted by the Board of Liquor Control. We held against the claim of appellee.

On November 19, 1952, the Supreme Court in the case of *A. DiCillo & Sons, Inc.,* v. *Chester Zoning Board of Appeals,* 158 Ohio St., 302, 109 N. E. (2d), 8, held that the defendant administrative board did not have the right of appeal from an adverse decision of the Common Pleas Court. Later, in *Corn, d. b. a. Colonial Inn Restaurant,* v. *Board of Liquor Control,* 160 Ohio St., 9, 113 N. E. (2d), 360, two cases from this court, dated June 10, 1953, the Supreme Court held that the Court of Appeals did not have jurisdiction to hear and decide an appeal prosecuted by the Board of Liquor Control from an adverse judgment of the Common Pleas Court.

There is no doubt that the judgment of the Supreme Court in the *Corn case* is contrary to the judgment of this court in this case, the appeal from which was dismissed in the Supreme Court.

The action of the Supreme Court in the *DiCillo* and *Corn cases* is made the basis of the petition to vacate the judgment in this case.

Petitioner relies upon Section 11631, General Code, which provides:

"The Common Pleas Court or the Court of Appeals

may vacate or modify its own final order, judgment or decree, after the term at which it was made:

"1. By granting a new trial of the cause, within the time and in the manner provided in Sections 11578 and 11580."

Section 11580, General Code, authorizes the filing of a motion for new trial after term on the ground of newly discovered evidence.

Petitioner contends that the subsequent action of the Supreme Court in the above cited cases constitutes newly discovered evidence. Two propositions are immediately suggested by the claim of petitioner:

1. May the action of the Supreme Court in the cited cases be classified as newly discovered evidence in this case?

2. Was the action of this court in reviewing the judgment of the Common Pleas Court a trial and would its reconsideration be a new trial?

Section 11575, General Code, defines a new trial as a re-examination of an issue of fact.

We cannot hold that the petitioner is correct on either of the foregoing propositions, but we have a third which, in our judgment, is dispositive of the right of this court to vacate its former judgment upon the special statutory proceedings.

This court in its final order entered judgment reversing the judgment of the Common Pleas Court, holding it for naught and affirming the decision of the Board of Liquor Control. There was no remand to the Common Pleas Court to carry our judgment into execution.

In the remand of the Supreme Court after sustaining the motion of appellee to dismiss the appeal it is, "ordered, that a special mandate be sent to the Court of Common Pleas of Franklin County to carry this judgment into execution," and, "ordered, that a copy

of this entry be certified to the Clerk of the Court of Appeals of Franklin County, 'for entry.' " No mandate came to the Court of Appeals.

In our opinion, this order of the Supreme Court has taken the judgment heretofore entered by this court and by mandate made it the judgment of the Common Pleas Court. Section 12223-41, General Code; *Roberts* v. *Montgomery,* 117 Ohio St., 400, 159 N. E., 475. Therefore, the case of *Townley, Admr.,* v. *C. A. Miller Co.,* 139 Ohio St., 153, 38 N. E. (2d), 578, 139 A. L. R., 332, and particularly the first paragraph of the syllabus thereof has application. Of course, we appreciate that the cited case was clearly one wherein there was a trial in Common Pleas Court, the action there being for a money judgment. The opinion of Judge Bettman in its entirety will bear reading. He leans to the opinion that the Common Pleas Court was the only court which had the right to vacate the judgment there under consideration. At page 162, he says:

"But in our opinion, the jurisdiction of the trial court to grant a new trial should not be denied merely because the reviewing court is itself empowered to enter final judgment after reversal instead of having to command the trial court to do so. Whether, under Section 12223-38, General Code, the Court of Appeals itself renders the judgment that the Court below should have rendered, or adopts the alternative procedure of remanding the cause to the court below to render this judgment, we believe that the new judgment is substituted in the court below for the old judgment that has been held for naught, just as though the lower court had itself voluntarily vacated its own judgment and entered the new one."

We hold that, in view of the mandate of the Supreme Court to the Common Pleas Court, we have not

the authority to vacate the judgment entered in this court.

The prayer of the petition is denied.

*Judgment accordingly.*

WISEMAN, P. J., and MILLER, J., concur.