Matthias, J.
The issue in this cause is whether the dismissal of an appeal by the Court of Appeals, which dismissal is based on want of prosecution, constitutes a bar to a second appeal in the same cause, where the second appeal is made after the trial judge entertained a motion for a new trial filed not within time.
This situation arose when the trial judge granted plaintiffs leave to file the after-time motion for new trial, on the ground that plaintiffs were unavoidably prevented from filing the *52 motion within the statutory time prescribed by Section 2321.19, Revised Code, due to inaction by their attorney.
This question is not an easy one, and its solution requires inquiry into the statutes and judicial principles the application of which will be just to the parties and workable in practice.
Section 2321.19, Revised Code, states:
“The application for a new trial must be made within ten days after the journal entry of a final order, judgment, or decree has been approved by the trial court in writing and filed with the clerk of the court for journalization, except for the cause of newly discovered evidence, material for the party applying, which he could not with reasonable diligence discover and produce at the trial. If a party was unavoidably prevented from filing an application for a new trial within such time, the court may in the interest of justice extend the time.”
Here the trial judge granted leave to plaintiffs to file their after-time motion, by the device of a nunc pro tunc entry relating báck and thus extending the time for the motion for the new trial. We will not go into the propriety of such action for the cause had, by the time this occurred, already been finally determined if the first dismissal by the Court of Appeals is a bar to the second appeal.
Plaintiffs originally filed a notice of appeal within the time limit set out in Section 2505.07, Revised Code. This perfected the appeal, but plaintiffs did nothing more to prosecute their appeal in the Court of Appeals, and thereafter that court dismissed, the appeal. It is this dismissal with which we are concerned. Does it bar plaintiffs from prosecuting a second appeal?
It is perhaps wise to point out here that this cause differs from one where newly discovered evidence or newly discovered grounds for new trial are properly presented to the trial court after an appeal has been taken. In such a case, it is plain that the judgment of the Court of Appeals should not be conclusive as to the new evidence or newly discovered grounds for new trial which were not before the court in the first appeal. See Krieger’s Cleaners & Dyers, Inc., v. Benner, 123 Ohio St., 482, 175 N. E., 857, and Townley, Admr., v. A. G. Miller Co., 139 Ohio St., 153, 38 N. E. (2d), 578, 139 A. L. R., 332.
Plaintiffs’ original appeal was properly before the Court *53 of Appeals from September 24,1959, to April 14, 1960, a period of nearly seven months.- It is not unreasonable to suggest that plaintiffs during that time could have sought other counsel or could have demanded more interest on the part of their trial counsel. Plaintiffs during that time had a complete opportunity to prosecute their appeal.
Now what is the effect of their lack of diligence and the resulting dismissal by the Court of Appeals? Paragraph four of the syllabus in the case of Pollock v. Cohen, 32 Ohio St., 514, states:
“Where a case is brought a second time on the same record, by petition in error, all questions on such record will be deemed settled by the first adjudication. This rule extends not only to questions actually presented, hut to all questions existing on the record that might have heen presented for adjudication in the first petition in error. In such case the second petition in error should be dismissed.” (Emphasis added.)
See, also, paragraph two of the syllabus in Charles A. Burton, Inc., v. Durkee, 162 Ohio St., 433, 123 N. E. (2d), 432; paragraph one of the syllabus in State, ex rel. Ohio Water Service Co., v. Mahoning Valley Sanitary District, 169 Ohio St., 31, 157 N. E. (2d), 116; and Atcherly v. Dickinson, 34 Ohio St., 537.
The reasoning in such cases is that a party should have his day in court, and that that day should conclude the matter. A party is bound then to present his entire cause and he is foreclosed from later attempting to reopen the cause as to issues which were or could have been presented. The first unreversed judgment is conclusive.
It is argued that, since the Court of Appeals dismissed the cause without having heard it upon its merits, such dismissal is not res judicata. However, the doctrine of res judicata is broad enough to preclude the presenting of any matter which could have been presented in the first appeal. If such dismissal were not res judicata, then the defendant, who obtained judgment in the trial court, would be deprived of the benefit of that judgment by the act of the losing party in appealing and in disregarding the appeal until a much later time. This is repugnant to settled judicial principles. As Judge Ashburn stated in Pollock v. Cohen, supra, at page 519, “the time should come, in the history of a cause, when litigation must end.”
*54 This brings us to the case of Jolley v. Martin Brothers Box Co., 158 Ohio St., 416, 109 N. E. (2d), 652, which is discussed in the briefs of both parties. In that case, successive appeals were permitted from rulings on motions for judgment non obstante veredicto and for a new trial. It was held that the first appeal was not a bar to the second appeal. After that case, Section 2323. 181, Revised Code, was enacted, and Section 2505.07, Revised Code, was amended on October 27, 1953. These sections deal with the disposition of motions for judgment notwithstanding the verdict and for new trial.
Section 2323.181, Revised Code, read in part:
“* * * Such motion [for judgment notwithstanding the verdict] may be filed before or after, or simultaneously with, the filing of a motion for a new trial; and if both of such motions are filed, whether by the same party or by different parties, the motion for judgment provided for in Section 2323.18 of the Revised Code [judgment notwithstanding the verdict] shall be first decided by the court. If such motion for judgment is sustained and judgment entered thereon, then any motion for new trial filed by any party shall, nevertheless, be considered and decided by the court, and if such motion for new trial is also sustained, the journal entry shall provide that a new trial shall be had only in the event of a reversal of the judgment on the motion provided for in Section 2323.18 of the Revised Code; however, if such motion for judgment is overruled, the court shall then consider and decide the motion or motions for new trial.”
Section 2505.07, Revised Code, read in part:
“When a motion for a new trial or a motion for a judgment under Section 2323.18 of the Revised Code is filed by either party within the time provided by Sections 2321.19 and 2323.181 of the Revised Code, respectively, then the time of perfecting the appeal shall not begin to run, and an appeal shall not be taken, until the entry of the order overruling or sustaining the motion for judgment under Section 2323.18 of the Revised Code, or the motion for a new trial, if only one of such motions shall have been filed, or overruling or sustaining the last of such motions decided, if motions of both kinds shall have been filed.” (Emphasis added.)
Thus it appears that now a trial court cannot rule on a *55 motion for judgment notwithstanding the verdict and hold the ruling on a motion for new trial in abeyance, while an appeal is taken from the ruling on the motion for judgment notwithstanding the verdict, as was done in the Jolley case. This is consonant with the principle of permitting only one appeal. Now, if the losing party moves for judgment notwithstanding the verdict and also for a new trial and both motions are overruled, one appeal can determine the correctness of both rulings.
The Jolley case properly recognized that a party has an appeal from the ruling made on the motion for judgment notwithstanding the verdict and from the ruling made on the motion for new trial, but overlooked the principle that there should be only one appeal in the cause itself wherein all errors can be urged simultaneously. Therefore, the case of Jolley v. Martin Brothers Box Co., supra, should be and is overruled.
"Where, at the conclusion of a trial, a motion for judgment notwithstanding the verdict and a motion for new trial under Sections 2323.181 and 2505.07, Revised Code, are made, the ruling upon each motion is appealable but there is only one appeal in the cause itself, and errors predicated upon each ruling must be presented in the same appeal.
Where an appeal to the Court of Appeals is perfected under Section 2505.07, Revised Code, and such appeal is dismissed by the Court of Appeals for want of prosecution, such dismissal is a bar to a subsequent appeal, where such subsequent appeal is not predicated on newly discovered evidence or grounds for a new trial.
The judgment of the Court of Appeals is reversed, and final judgment is rendered for the defendant.

Judgment reversed.

Zimmerman, acting C. J., G-rieeith, Taet, Bell and O’Neill, JJ., concur.
Herbert, J., not participating.
Zimmerman, J., sitting in the place and stead of Weygandt, C. J.
Grieeith, J., of the Seventh Appellate District, sitting by designation in the place and stead of Zimmerman, J,