ALLIN, Appellant,

v.

HARTZELL PROPELLER, INC., Appellee.

[Cite as *Allin v. Hartzell Propeller, Inc.,* 161 Ohio App.3d 358, 2005-Ohio-2751.]

Court of Appeals of Ohio,
Second District, Miami County.

No. 04CA32.

Decided June 3, 2005.

Robert S. Belovich, for appellant.

James L. Thieman, for appellee.

GRADY, Judge.

{¶ 1} Plaintiff, Richard Allin, appeals from an order of the Miami County Municipal Court overruling Allin's Civ.R. 59(A)(1) motion for a new trial.

{¶ 2} Allin commenced the action underlying this appeal against defendant, Hartzell Propeller, Inc., on a Consumer Sales Practices Act claim. Allin alleged that Hartzell Propeller altered two propeller blades that he had submitted for modification in a way that made them unairworthy and not fit for service.

{¶ 3} When the matter proceeded to trial, plaintiff Allin discovered that one of his subpoenaed witnesses, Mike Baird, refused to appear for trial. No continuance was requested. At the conclusion of the evidence, the jury returned a verdict for defendant, Hartzell Propeller.

{¶ 4} Plaintiff Allin filed a motion for a new trial pursuant to Civ.R. 59(A)(1), arguing that Baird's failure to appear for trial was the result of an irregularity that prevented Allin from having a fair trial. The motion was supported by an affidavit of plaintiff's attorney, Robert S. Belovich.

{¶ 5} The trial court found that Baird's failure to appear was the result of the clerk of court's failure to send a check for Baird's fee as a witness with the subpoena that was served on Baird, who resides in Hancock County. However, the court further found that Allin had failed to exercise due diligence to determine prior to trial that Baird was properly served and would appear, waiving the prejudice resulting from the clerk's error. The court overruled Allin's motion for new trial on that finding.

{¶ 6} Allin filed a timely notice of appeal. He presents a single assignment of error.

### First Assignment Of Error

{¶ 7} "The trial court erred in overruling the plaintiff's motion for a new trial."

■■ {¶ 8} The decision whether to grant or deny a motion for a new trial rests with the sound discretion of the trial court, and its judgment will not be disturbed absent an abuse of discretion. *Yungwirth v. McAvoy I* (1972), 32 Ohio St.2d 285, 61 O.O.2d 504, 291 N.E.2d 739. An abuse of discretion is evident when

a decision is unreasonable—that is, when there is no sound reasoning process that would support the decision. *AAAA Ent. v. River Place Community* (1990), 50 Ohio St.3d 157, 553 N.E.2d 597.

{¶ 9} Civ.R. 59(A)(1) authorizes the trial court to order a new trial on any or all of the issues that its final judgment has determined for an "[i]rregularity in the proceedings of the court * * * by which an aggrieved party was prevented from having a fair trial." When with reasonable diligence the movant could not have discovered that the irregularity before it occurred, the movant must exercise reasonable diligence to avoid the prejudice resulting from the irregularity after it is discovered. *Krieger's Cleaners & Dyers, Inc. v. Benner* (1931), 123 Ohio St. 482, 175 N.E. 857.

{¶ 10} Civ.R. 45(B) states:

{¶ 11} "Service. A subpoena may be served by a sheriff, bailiff, coroner, clerk of court, constable, or a deputy of any, by an attorney at law, or by any other person designated by order of the court who is not a party and is not less than eighteen years of age. Service of a subpoena upon a person named therein shall be made by delivering a copy of the subpoena to the person, by reading it to him or her in person, or by leaving it at the person's usual place of residence, and by tendering to the person upon demand the fees for one day's attendance and the mileage allowed by law. The person serving the subpoena shall file a return of the subpoena with the clerk. *If the witness being subpoenaed resides outside the county in which the court is located, the fees for one day's attendance and mileage shall be tendered without demand.* The return may be forwarded through the postal service or otherwise." (Emphasis supplied).

{¶ 12} Allin deposited an amount of money with the clerk sufficient to pay the witness fee required for Baird's attendance at trial. A return of service showed that Baird was duly served. However, the clerk failed to tender the attendance fee, which caused Baird to refuse to attend the trial as commanded. That failure was therefore an irregularity in the proceedings chargeable to the court, through its clerk. The further issue is whether, as a result, Plaintiff Allin was prevented from having a fair trial.

{¶ 13} A party who asks the clerk to serve a subpoena and tenders the required fee is entitled to rely on the return of service filed. Civ.R. 45(B) imposes no obligation to exercise due diligence to insure that service was completed and that the witness will appear. That may be sound practice, but the court erred when it construed the rule to so require. The Civil Rules prescribe the procedure that courts must follow. Civ.R. 1(A). Courts may not engraft additional requirements when applying the Civil Rules. Therefore, the trial court

erred when it held that Allin's failure to exercise due diligence to determine that Baird was properly served waived the irregularity arising from the clerk's failure.

{¶ 14} Hartzell Propeller argues that, even if the trial court misapplied the due-diligence requirement, Allin is not entitled to a new trial because he failed to exercise reasonable diligence to avoid the prejudice to his case by seeking a continuance of the trial to secure Baird's appearance through a subpoena properly served. "While an appellate court may decide an issue on grounds different from those determined by the trial court, the evidentiary basis upon which the court of appeals decides a legal issue must have been adduced before the trial court and have been made a part of the record thereof." *State v. Peagler* (1996), 76 Ohio St.3d 496, 668 N.E.2d 489, syllabus.

{¶ 15} It is undisputed that Allin failed to ask for a continuance when he was surprised by Baird's nonappearance. In its entry and order denying Allin's motion, the trial court stated that "since the witness was not properly served, a motion for continuance was never an issue." We do not see how that follows. The purpose of a continuance would have been to secure proper service. Baird resides in Hancock County, Ohio, which is within only a few hours' travel time from Miami County. Service might have been obtained after a continuance for that purpose, and the trial resumed after a delay of but a day or two.

{¶ 16} We might understand Allin's reluctance to request a continuance; the case was being tried to a jury before a visiting judge, which likely would have magnified any resulting inconvenience. Also, Baird may have become unfriendly to Allin's case by being summoned on short notice. However, it serves the interests of justice to complete a trial in a proceeding once it's commenced, and the interest outweighs potential results of that kind.

{¶ 17} A movant may not obtain relief pursuant to Civ.R. 59(A)(1) for an irregularity in the proceedings when the movant could reasonably have avoided the prejudice that the irregularity caused. Allin's failure to seek a continuance in order to properly serve Baird waives his right to complain that the irregularity chargeable to the court that resulted in Baird's nonappearance prevented him from having a fair trial, which is the standard Civ.R. 59(A)(1) imposes.

{¶ 18} The assignment of error is overruled. The judgment of the trial court will be affirmed.

Judgment affirmed.

WOLFF and YOUNG, JJ., concur.